STATE of Wisconsin, Plaintiff-Respondent,

v.

Roger A. KRYSHESKI, Defendant-Appellant.

Court of Appeals

*No. 83–1009–CR.  Submitted on briefs January 24, 1984.—*
*Decided April 25, 1984.*
(Also reported in 349 N.W.2d 729.)

For the defendant-appellant, the cause was submitted on the briefs of *Donald T. Lang,* assistant state public defender.

For the plaintiff-respondent, the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   This is an appeal from that portion of an order denying a motion to vacate Roger A. Krysheski's judgment of conviction and subsequent sentence. The motion to vacate was filed because of Krysheski's death.   The main issue is the effect of the defendant's death on a conviction when the death occurs while the defendant is pursuing post-conviction remedies under Rule 809.30, Stats.   Because we find the judgment of conviction and sentence should have been abated, we reverse.

Following a jury trial, Krysheski was convicted of first-degree murder pursuant to sec. 940.01, Stats., and sentenced to life imprisonment.   Krysheski's trial counsel, a state public defender, filed a timely motion for a new trial on April 4, 1983, which was scheduled to be heard on May 13, 1983.   On April 7, 1983, Krysheski died unexpectedly of a heart attack.   The public defender then filed a motion requesting vacation of the judgment of conviction and sentence and a dismissal of the motion for a new trial.   The trial court dismissed the motion for a new trial as moot but refused to vacate the judgment of conviction and sentence.   The public defender, on Krysheski's behalf, appeals from that portion of the order denying the motion to vacate the judgment of conviction and sentence.

Prior to addressing the merits of the appeal brought on Krysheski's behalf, we need first consider the State's argument that the appeal itself is improperly before this

court. The State contends the public defender exceeded his authority in bringing this appeal. Implicit in this argument is the contention that the public defender was also without authority to bring the motion to vacate the conviction and sentence. The State's position is based on the rationale that Krysheski, being deceased, is not a "person" under the provisions of sec. 977.05(4)(j), Stats.[1] Therefore, he is not eligible for legal representation at public expense and is unable to request representation for an appeal.

We do not reach this argument because we hold that the Attorney General has no standing in this criminal proceeding to challenge the public defender's authority. Chapter 977, Stats., entitled "State Public Defender," is a comprehensive legislative statement designed to provide legal representation to indigents in specified situations. The public defender's powers and duties are carefully spelled out. Only in sec. 977.07(3), Stats.,[2] providing for review of indigency determinations, does the legislature expressly allow court review of the public defender's authority at the criminal proceeding itself. The statute is silent as to other review of a public defender's au-

---

[1] Section 977.05(4)(j), Stats., provides:
The state public defender shall:
. . .
(j) At the request of any person determined by the state public defender to be indigent or upon referral of any court, prosecute a writ of error, appeal, action or proceeding for habeas corpus or other post-conviction or post-commitment remedy or attack the conditions of confinement on behalf of the person before any court, if the state public defender determines the case should be pursued.

[2] Section 977.07(3), Stats., provides:
A circuit court may review any indigency determination upon its own motion or the motion of the defendant and shall review any indigency determination upon the motion of the district attorney or the state public defender.

thority during criminal proceedings. A statute which
expresses one thing excludes all others. Where a form
of conduct is designated, the inference arises that all
omissions should be considered as exclusions. *Gottlieb
v. City of Milwaukee,* 90 Wis. 2d 86, 95, 279 N.W.2d 479,
483 (Ct. App. 1979). We conclude that the legislature
has limited any challenge to a public defender's authority
which can be raised in a criminal proceeding to a challenge based on the defendant's indigency. Other challenges to a public defender's authority must be raised in
a different proceeding.[3]

As to the merits of this appeal, the public defender
argues that a defendant's death pending resolution of
post-conviction motions or an appeal of right requires
abatement of all proceedings from inception of the prosecution. He argues the appropriate remedy is to dismiss
the appeal and post-conviction motions and to vacate the
judgment of conviction and sentence. We agree.

The right to appeal a criminal conviction is established by art. I, § 21 of the Wisconsin Constitution. Section 808.03(1), Stats., provides for an appeal of right
from a final judgment or a final order of a circuit
court.[4] The decision to appeal is so fundamental that it
must be personally waived by the defendant. *State v.
Albright,* 96 Wis. 2d 122, 129–31, 291 N.W.2d 487, 490–

[3] In addition, the State has the burden to establish by reference
to the record that it objected before the trial court to the bringing of the motion by the public defender. Failure to make a
timely objection constitutes a waiver of the objection. *Allen v.
Allen,* 78 Wis. 2d 263, 270, 254 N.W.2d 244, 248 (1977). Because
the State raises the issue of the scope of a public defender's authority for the first time on appeal, we consider the argument
waived.

[4] Because a motion for a new trial under Rule 809.30, Stats.,
is a prerequisite to further appellate review, *see State v. Monje,*
109 Wis. 2d 138, 151, 325 N.W.2d 695, 702 (1982), the motion is
part of the appeal process.

91, *cert. denied,* 449 U.S. 957 (1980). However, when a defendant dies pending appeal of his conviction, the issues surrounding that conviction become moot. A case is moot when the determination sought can have no practical effect on the controversy. *State ex rel. McDonald v. Circuit Court for Douglas County,* 100 Wis. 2d 569, 572, 302 N.W.2d 462, 463 (1981). Because the defendant's death makes post-conviction relief meaningless, dismissal of post-conviction motions or of an appeal is appropriate.

The weight of authority in the federal system and other states provides, in this situation, not only for dismissal of post-conviction proceedings but also for abatement of all proceedings in the prosecution from its inception, including the conviction. *Durham v. United States,* 401 U.S. 481, 483 (1971) ;[5] *United States v. Oberlin,* 718 F.2d 894, 895–96 (9th Cir. 1983) ; *United States v. Moehlenkamp,* 557 F.2d 126, 128 (7th Cir. 1977), and *State v. Holbrook,* 261 N.W.2d 480, 481 (Iowa 1978). Abatement of all proceedings is based on the recognition that a defendant pursuing an appeal of right has not yet received all of the safeguards of the judicial system. Death prior to appeal works a deprivation of a final determination of the case's merits. Because an appeal plays an integral part in our system for final adjudication of guilt or innocence, justice requires the abatement of a conviction where the merits of the appeal are left unresolved.

---

[5] In a per curiam opinion, the United States Supreme Court in *Dove v. United States,* 423 U.S. 325 (1976), dismissed a deceased petitioner's petition for certiorari, stating "[t]o the extent that *Durham v. United States* may be inconsistent with this ruling, *Durham* is overruled." (Citations omitted.) We agree with the Seventh Circuit that *Dove* overrules *Durham* only with respect to the appropriate disposition of moot petitions for certiorari. *United States v. Moehlenkamp,* 557 F.2d 126, 127 (7th Cir. 1977).

The State argues that abating all proceedings leaves an impression of the defendant's innocence, places the defendant's rights above the victim's rights, and thus undermines the integrity of the judicial system in the public's perception. We disagree. An abatement of proceedings is not a comment on a defendant's guilt or innocence. Rather, it is a return to the status quo before commencement of the case based on a determination to hold the case moot due to the futility of resolving the defendant's appeal.[6]

We are persuaded by the federal approach to this unique problem and adopt it for Wisconsin. We hold that when a defendant dies pending an *appeal of right,* all prior proceedings are to be abated.[7] We also adopt the federal procedure which requires dismissal of the appeal and post-conviction motions and remand of the case to the trial court with instructions to vacate the judgment

---

[6] The State also argues abatement of a conviction has an undesired impact on cases where the deceased defendant is the beneficiary of a life insurance policy on, or the heir of, a victim he has feloniously and intentionally killed. A murder conviction which would prevent a defendant from collecting from his victim's estate would be removed from consideration. *See* sec. 632.-485, Stats. Additional litigation would be required to prove the deceased murdered the victim. We disagree that this consideration should outweigh the policies favoring abatement. It is a rare case where the defendant is convicted of first-degree murder, the defendant is an heir of his victim, and the defendant dies pending an appeal of right. Probate court proceedings would adequately protect a victim's estate in this rare situation.

[7] We take special note of the limits of our holding. The abatement procedure outlined above applies only in cases where a defendant dies pending resolution of an appeal of right; abatement is not extended to cases involving discretionary appeals. As the effect of a defendant's death pending the resolution of a discretionary appeal is not specifically before us, we leave this issue for future litigation.

and sentence and to dismiss the charges. *See Oberlin,* 718 F.2d at 895.

*By the Court.*—Order affirmed in part; reversed in part and remanded for vacation of the judgment of conviction and sentence and dismissal of the charges.