**UNITED STATES of America**

v.

**R. Budd DWYER.**

**Crim. No. 86–00088–01.**

United States District Court, M.D. Pennsylvania.

March 5, 1987.

See also 647 F.Supp. 1440.

James J. West, Acting U.S. Atty., Harrisburg, Pa., for U.S.

Paul J. Killian, and Joseph U. Metz, Harrisburg, Pa., for defendant Asher.

ORDER NO. 2

MUIR, District Judge.

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On May 13, 1986, the Grand Jury returned an indictment charging R. Budd Dwyer with certain criminal acts. On November 5, 1986, the trial commenced. At the conclusion of the government's case, the Court dismissed one of the counts. On December 18, 1986, the jury found Mr. Dwyer guilty on all remaining 11 counts. Sentencing was set for January 23, 1987. On January 22, 1987, Mr. Dwyer held a press conference, read a statement, and committed suicide.

On January 27, 1987, counsel for Mr. Dwyer filed a motion to dismiss Mr. Dwyer's post-trial motions, vacate the guilty verdict, and dismiss the indictment as to Mr. Dwyer. A memorandum in support was filed on February 6, 1987. The United States filed a brief in opposition on February 17, 1987. A reply brief was filed on February 24, 1987.

In general, when a criminal Defendant dies pending sentencing or during direct appeal of his conviction, federal courts abate the prosecution from its inception. *Crooker vs. United States,* 325 F.2d 318, 319–20 (8th Cir.1963) (and cases cited therein); *see also United States vs. Pauline,* 625 F.2d 684 (5th Cir.1980); *Durham*

*vs. United States,* 401 U.S. 481, 483, 91 S.Ct. 858, 860, 28 L.Ed.2d 200 (1971) (per curiam). Such abatement is based on the theory that defendants are entitled to have their cases reviewed on appeal. *Id.* If a defendant dies prior to review of the case on appeal the Defendant has lost the important right of appeal and therefore the case is dismissed from the beginning. *Id.* Two federal courts have addressed the issue of whether this concept applies to a defendant who commits suicide.

The Court of Appeals in *United States vs. Oberlin,* 718 F.2d 894 (9th Cir.1983) held that a criminal defendant who commits suicide before sentencing should have the case against him dismissed. *Oberlin,* 718 F.2d at 896. The Court rejected the Government's argument that Oberlin by killing himself had waived his right to appeal without any reasoning or explanation whatsoever. We find *Oberlin* unpersuasive.

▉ The United States District Court for the Eastern District of Virginia in *United States vs. Chin,* 633 F.Supp. 624 (E.D.Va. 1986) (Merhige, J.) squarely addressed the issue presented to this Court. Judge Merhige, one of the ablest of all U.S. District Judges, held that abatement is not required when a criminal defendant commits suicide subsequent to a guilty verdict but before sentence and appeal. The Court was persuaded by the following factors: (1) the record justified a conclusion that Chin did not intend to appeal, (2) in all probability Chin would not have been successful on appeal and (3) there is a legal distinction between a criminal defendant who commits suicide and one who dies of a natural cause. All three of these factors are present in the case before us.

First, it has been brought to our attention that Mr. Dwyer in his suicide statement stated that he had no faith in the judicial system and could not afford an appeal. It is possible that Mr. Dwyer had no intention of appealing. Mr. Dwyer, an attorney at law, was acutely aware of his right to appeal. He also was undoubtedly aware that if he could not afford an appeal,

counsel would be provided for him at government expense.

Second, it is highly unlikely that Mr. Dwyer would have succeeded on appeal. Our recollection of the trial is that there were no grounds whatsoever upon which Mr. Dwyer could hope to succeed upon appeal. The reasons upon which Mr. Dwyer's co-defendant bases his appeal were not available to Mr. Dwyer. Moreover, Mr. Dwyer stated that he did not believe he could succeed in reversing the verdict upon appeal.

Last, suicide is an act of one's own volition. Natural death can rob a defendant of his right to appeal while suicide can and should, where, as here, the chances of success on appeal may fairly be dismissed as negligible, act as a waiver to a right to appeal. It defies common sense to allow Mr. Dwyer to be absolved of criminal liability so carefully arrived at by a jury because he intentionally took his own life before the appeal process could run. By his suicide Mr. Dwyer waived his right to appeal.

## NOW, THEREFORE, IT IS ORDERED THAT:

1. The motion filed January 27, 1987, requesting "... an Order dismissing R. Budd Dwyer's post-trial motions, vacating the verdict returned against R. Budd Dwyer, and dismissing the indictment filed May 13, 1986, as to R. Budd Dwyer" is denied.

2. The Clerk shall close this file as to R. Budd Dwyer.