STATE of Wisconsin, Plaintiff-Respondent,

v.

Daniel P. McDONALD, Defendant-Appellant.

Court of Appeals

*No. 86–0942–CR. Submitted on briefs March 10, 1987.—
Decided March 26, 1987.*

(Also reported in 405 N.W.2d 771.)

For the defendant-appellant the cause was submitted on the briefs of *William J. Hayes* of Beloit, and *Patrick K. McDonald* of Janesville.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Steven D. Ebert,* assistant attorney general.

Before Gartzke, P.J., Eich and Sundby, JJ.

GARTZKE, P.J.    Daniel P. McDonald, once judge of the circuit court for LaFayette county, was convicted of first-degree murder, sec. 940.01, Stats., and sentenced to a term of life imprisonment. He timely filed a notice of intent to seek postconviction relief from the trial court and to appeal to this court, but died before the trial court ruled on his motion. He died by suicide.

After his death McDonald's attorneys moved the trial court for an order vacating his conviction and sentence and dismissing the criminal information. The trial court denied the motion. McDonald's attorneys then appealed from that order and the judgment of conviction.

McDonald's attorneys agree his death moots all issues which could be raised in postconviction proceedings and on appeal. Moot proceedings are ordinarily dismissed. McDonald's attorneys, however, request that we not only dismiss the appeal but remand the case to the trial court with instructions to vacate all criminal proceedings against him, from their initiation through the sentence.

When the facts are undisputed, whether justice requires vacating all proceedings before McDonald's suicide is a question of law. We hold that justice does not so require. We therefore dismiss the appeal with no direction to vacate any of the proceedings against McDonald.

While the facts are undisputed, they are sparse. No circumstance surrounding McDonald's death is of record, except that it was caused by "Doxepin Intoxication" resulting from an "overdose." His attorneys stipulated that he died by suicide and did not request an evidentiary hearing.

In *State v. Krysheski,* 119 Wis. 2d 84, 349 N.W.2d 729 (Ct. App. 1984), the defendant died of a heart attack while his motion for a new trial was pending. We held that death mooted the issues because the result on appeal could have no practical effect. We concluded that because defendant's death made postconviction relief meaningless, it was appropriate to dismiss his motion for a new trial.

We went further in *Krysheski.* We concluded that all proceedings in the criminal prosecution, from its inception through the conviction, should be abated. We said:

> Abatement of all proceedings is based on the recognition that a defendant pursuing an appeal of right has not yet received all of the safeguards of the judicial system. Death prior to appeal works a deprivation of a final determination of the case's merits. Because an appeal plays an integral part in our system for final adjudication of guilt or innocence, justice requires the abatement of a conviction where the merits of the appeal are left unresolved.

119 Wis. 2d at 88, 349 N.W.2d at 732.

We added, "An abatement of proceedings is not a comment on a defendant's guilt or innocence. Rather, it is a return to the status quo before commencement of the case based on a determination to hold the case moot due to the futility of resolving the defendant's appeal." 119 Wis. 2d at 89, 349 N.W.2d at 732.

Our reasoning in *Krysheski* is inapplicable when the death is a suicide. In the absence of contrary evidence, we are entitled to assume that the person who takes his own life does so by choice. A defendant who chooses death pending a request for postconvic-

tion relief deprives himself of a final determination of his case's merits. Justice does not require abatement or vacation of a conviction when the defendant himself prevents a review of the merits, whether by suicide, a failure to appeal or a request that an appeal be dismissed.

Were we to hold otherwise, a convicted defendant could use suicide to ensure the "return to the status quo before commencement of" the criminal action, a return we directed by way of abatement in *Krysheski,* 119 Wis. 2d at 89, 349 N.W.2d at 732. Whatever the view of the courts, a return to that status quo would justify the public and the victim, or the victim's family, in believing that the defendant succeeded through suicide when he would have lost on appeal.

The only appellate decision favoring abatement for a suicide has not convinced us. *United States v. Oberlin,* 718 F.2d 894, 896 (9th Cir. 1983), abated all criminal proceedings after holding that the defendant had not waived his right to appeal by killing himself, stating simply that "[t]he contention that suicide is the 'ultimate waiver' is without merit. The doctrine of waiver has no connection to the issue of abatement."[1] *Id.* at 896. In *United States v. Chin,* 633 F. Supp. 624, 628 (E.D. Va. 1986), a district court found that a defendant's suicide after a guilty verdict and before further proceedings was a "conscious and deliberate" choice, declined to follow *Oberlin,* and refused to abate the criminal proceedings.[2]

---

[1]In *Krysheski* is relied on two federal decisions and one state decision, none of which involved a suicide, as well as *United States v. Oberlin,* 718 F.2d 894 (9th Cir. 1983), for the general rule that death abates all proceedings in the prosecution.

[2]The only other appellate decision brought to our attention, *State v. Miller,* 578 S.W.2d 943 (Mo. 1979), dismissed the criminal

We hold that because McDonald's death was by suicide after he began proceedings for postconviction relief, the trial court properly refused to vacate the information, conviction and sentence.

*By the Court.*—Appeal dismissed.

SUNDBY, J. (*concurring*). I agree the appeal should be dismissed. However, I find myself in a quandary. I believe that when an appellant dies during the pendency of an appeal, the appeal should be dismissed because the appellant is no longer subject to the jurisdiction of the court. However we have recently held that when a defendant dies pending appeal of his conviction, not only is dismissal of the appeal appropriate, but all proceedings in the prosecution from its inception, including the conviction, shall be abated. *State v. Krysheski,* 119 Wis. 2d 84, 88–89, 349 N.W.2d 729, 732 (Ct. App. 1984). We accord decisions of another panel of our court great deference, especially when the decision is a recent one and the disputed point of law has been thoroughly considered. Therefore, I defer to our decision in *Krysheski* but suggest our holding should be reexamined.

I recognize that there is impressive authority for the proposition that, at least when a defendant dies pending an appeal of right, all prior proceedings are abated *ab initio.* However, a review of the cases upon which this line of authority is based reveals they do not support this general proposition. *Krysheski, supra,* for example, relied on *Durham v. United States,* 401 U.S. 481, 482–83 (1971), which in turn relied heavily on the analysis of the issue by the Eighth Circuit

---

appeal of a suicide with no discussion whether the conviction should be abated.

Court of Appeals in *Crooker v. United States,* 325 F.2d 318 (8th Cir. 1963). It is informative therefore to examine this latter decision.

*Crooker,* 325 F.2d at 319, holds without qualification that if an appellant dies during the pendency of a criminal appeal, not only must the appeal be dismissed but "the causes have abated." An examination of the decisions relied on by the *Crooker* court reveals, however, that many of those decisions involved the assessment of a fine. The abatement rationale was developed because the courts did not believe it was just to punish the defendant's family for his offense. The *Crooker* court stated:

> A fine is not something to which the United States is entitled by way of compensation or damages, but only as a matter of punishment being thereby meted upon the defendant. "It was imposed as a punishment of the defendant for his offense. If, while he lived, it had been collected, he would have been punished by the deprivation of that amount from his estate; but, upon his death, there is no justice in punishing his family for his offense." [*United States v. Pomeroy,* 152 F. 279, 282, (C.C.S.D.N.Y. 1907), *rev'd on other grounds, United States v. New York Cent. & H.R.R. Co.,* 164 F. 324 (2d Cir. 1908).] (Footnote omitted.)

*Id.* at 321.

The abatement rationale loses its persuasiveness when the failure to abate affects only the defendant. Because we have no clear guidance from the United States Supreme Court, and because the rule which we adopted in *Krysheski* rests on such shaky precedent, I do not believe we should adopt in criminal appeals a rule that the death of the defendant abates all proceedings *ab initio.* I believe we should simply

dismiss the appeal as moot because the defendant is no longer subject to the jurisdiction of the court.

The precedential weight of *Durham,* 401 U.S. at 483, is suspect for another reason. The United States Supreme Court in *Dove v. United States,* 423 U.S. 325 (1976), overruled *Durham.* In *Krysheski,* 119 Wis. 2d at 88 n. 5, 349 N.W.2d at 732, we agreed with the Seventh Circuit Court of Appeals in *United States v. Moehlenkamp,* 557 F.2d 126, 127 (7th Cir. 1977), that *Dove* overrules *Durham* only with respect to the appropriate disposition of petitions for certiorari mooted by the petitioner's death. In *Durham,* 401 U.S. at 483 n. *, however, the United States Supreme Court stated that: "Since death will prevent any review on the merits, whether the situation is an appeal or certiorari, the distinction between the two would not seem to be important for present purposes." Thus, it is not clear whether in *Dove, supra,* the Supreme Court intended to preserve any of its holding in *Durham.* As the circuit court of appeals stated in *Moehlenkamp,* 557 F.2d at 127: "[I]t is difficult to divine the intentions of the Supreme Court when it says so little . . . ."

We hold that justice does not require abatement or vacation of a conviction when the defendant himself prevents a review of the merits by suicide. If we base our decision whether to abate a conviction *ab initio* upon whether the defendant died involuntarily or took his or her own life, we necessarily open the door to an exhaustive examination of the circumstances of death in most such cases. Would we deny to McDonald abatement of his conviction if it were established that at the time of his suicide he lacked the capacity to make a voluntary choice whether to live or die?

Rather than involve ourselves in extensive investigation and litigation concerning the voluntariness or involuntariness of the death of an appellant, I believe it is better to adopt a very simple rule covering all deaths pending appeal, i.e., that the appeal is dismissed because the appellant is no longer subject to the jurisdiction of the court.