In the Case of UNITED STATES v. Larry Wu–Tai CHIN.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Cathy CHIN, Defendant–Appellant.**

No. 86–5158.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 6, 1987.

Decided May 27, 1988.

Joseph John Aronica, Asst. U.S. Atty., Alexandria, Va., on brief, for plaintiff-appellee.

Jacob A. Stein (Stein, Mitchell & Mezines), Warren Gary Kohlman (Kohlman & Fitch), Washington, D.C., (Marcia M. Maddox, Betty A. Thompson, Arlington, Va., on brief), for defendant-appellant.

Before CHAPMAN and WILKINS, Circuit Judges, and BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.

PER CURIAM:

This appeal presents the issues of the abatement of a criminal prosecution because of the death of the accused, and when and by whom a motion for such abatement may be made. We find that the widow, the duly appointed personal representative of the estate of the accused, is a proper party to petition for abatement and that the petition of the administratrix for abatement in the present case was filed within a reasonable time. We conclude that the district court's order of April 24, 1986 denying abatement is void because it was not made by a party with standing to do so. We remand the case to the district court for further proceedings.

I

Larry Wu–Tai Chin was a spy for the People's Republic of China for more than thirty years while he was an employee at the United States Consulate in Shanghai and Hong Kong, and later while he was an employee of the Central Intelligence Agency. While at the C.I.A. he had the highest security clearance and he had access to the most sensitive intelligence information. After a four-day trial before a jury, Chin

was found guilty of seventeen separate criminal charges including: conspiracy to commit espionage in violation of 18 U.S.C. § 794(c) (1982), passing classified information to a foreign government in violation of 50 U.S.C. § 783(b) (1982), and failure to report income earned from a foreign bank account in violation of 26 U.S.C. § 7206(1) (1982). This jury verdict was returned on February 7, 1986, and the court scheduled sentencing for March 17, 1986.

Chin allegedly committed suicide in his prison cell on February 21, 1986. A letter written by Chin to his wife was retrieved from the prison mail in connection with the investigation of his death. This letter was written in Chinese. When translated into English, it discussed, among other things, Chin's thoughts as to an appeal of his convictions. The letter stated:

> A letter from lawyer S today, mentioned about an appeal. The reasons for appeal mentioned in the letter were not very strong. It was mentioned also that it will go to the Supreme Court at the end, and it will take a year and a half.... Therefore, it is better not to lodge an appeal.

A notation indicating a time of 7:00 p.m., Thursday, February 20, 1986 was followed by Mr. Chin writing, "After I have decided 'not to appeal', I feel extremely tranquil."

On February 28, 1986, the district court, after learning of Chin's death, sua sponte entered an order placing the action "among the ended causes." On March 10, 1986, Chin's attorneys, without consulting Mrs. Chin or anyone with authority to give them permission, moved to abate his conviction, but they did not notice an appeal from the order of February 28, 1986 that placed the case "among the ended causes." The United States filed a brief in opposition to the motion to abate. On April 24, 1986, the district court in a published memorandum [1] found that Chin did not intend to file an appeal, as evidenced by the letter to his wife and his suicide, and that such actions were a choice to die rather than to appeal. It stated:

> It seems contrary to our system of justice to allow, as defense counsel has asked, Chin to be absolved of all criminal liability because he intentionally took his own life at a time when he had not been afforded a right to appeal. Chin had a choice: his life or an appeal. Sadly and regrettably he chose to die and although he is now unable to present his case on appeal, the Court cannot help but conclude that such a choice was a conscious and deliberate one.

*United States v. Chin, supra* note 1, at 627–28. The district court found that since Chin did not intend to appeal, the criminal prosecution had ended and therefore, having ended, it could not be abated. No appeal was taken from this order.

On March 18, 1986, Mrs. Cathy Chin, widow of Larry W.T. Chin, was appointed administratrix of his estate. On May 30, 1986, she moved to abate the criminal proceedings and to dismiss the indictment. In the alternative, she asked for reconsideration of the court's April 24, 1986 order and for leave to appeal from that order.

This motion was accompanied by an affidavit of Cathy Chin in which she affirmed that she was born in China and that she had great difficulty reading and writing English, that she was totally dependent upon her husband, and that since the trial many of her friends had ceased speaking to her. She also asserted that immediately after her husband's death, the Internal Revenue Service made jeopardy assessments against her personally and against her husband's estate and that these assessments required all of her available time and energy until they were abated by action of the United States District Court. She claimed that because of the jeopardy assessments she had no money available and was so upset and grief-stricken that she could not focus on what action to take in connection with her husband's conviction. She further asserted that her husband intended to pursue his appeal, and she questioned the finding of suicide as the cause of his death.

On October 27, 1986, the district court denied her motions and found that she had

---

1. *United States v. Chin,* 633 F.Supp. 624 (E.D.Va.  1986).

standing to appeal her husband's conviction under Fed.R.App.P. 43(a), but that timely appeal had not been taken from the district court's orders of February 28 and April 24, 1986. The district court found that these unappealed orders were final and that there has been no showing of excusable neglect warranting an extension of time within which to note an appeal.

Mrs. Chin appeals and claims that this Court has jurisdiction to review the district court's refusal to abate the criminal prosecution and that such criminal prosecution abated when the criminal defendant died after conviction but prior to a sentence being imposed. The government asserts that this Court lacks jurisdiction over the appeal, that the widow lacks standing to pursue the appeal, and that abatement of the conviction is not appropriate when the defendant indicated by his suicide and his letter that he did not wish to appeal.

## II

■ Cathy Chin, the widow of Larry W.T. Chin and the duly appointed administratrix of his estate, has standing to seek abatement of the criminal proceeding against him, and she has standing to appeal from the district court's October 27, 1986 order. Federal Rule of Appellate Procedure 43(a) provides that when a party dies after notice of appeal is filed, the personal representative of the deceased party may be substituted as a party. In the present case, a notice of appeal was not filed from the district court's sua sponte order of February 28, 1986. This, however, was not a final order, and a personal representative of Chin's estate had not been appointed at that time. The February 28 order was merely a ministerial act of "housekeeping" by the district court in removing this cause from its docket.

The April 24, 1986 order of the district court refusing to abate the criminal action against Larry W.T. Chin resulted from a motion of abatement made by attorneys who had represented Chin at his trial. This motion was made before Cathy Chin was appointed personal representative, and the motion was made without her knowledge or consent.

The personal representative of the deceased defendant was not before the court on April 24, 1986, and she did not authorize the attorneys to make the motion which resulted in the April 24 order. By her subsequent actions she has not ratified the making of such a motion. Cathy Chin did not receive notice of the April 24 order or the February 28 order and neither order was final. She filed a timely notice of appeal from the October 27 order and she has standing to proceed with an appeal.

■ A widow serving as administratrix of deceased husband's estate has sufficient interest to be substituted as a party and maintain an appeal of his criminal conviction. *Wetzel v. Ohio*, 371 U.S. 62, 83 S.Ct. 111, 9 L.Ed.2d 26 (1962).

■ The attorneys who represented Larry Chin in the criminal action had no authority to act after his death. As we stated in *Fariss v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir.1985):

> The attorney's agency to act ceases with the death of his client, *see* Restatement (Second) of Agency § 120(1) (1958), and he has no power to continue or terminate an action on his own initiative. Because the attorney is neither a party, nor a legal successor or representative of the estate, he has no authority to move for substitution under [Federal Rule] of [Civil Procedure] 25(a)(1), as the courts have repeatedly recognized.

*Id.* at 962.

When the attorneys made their March 10, 1986 motion to abate Chin's criminal conviction, they were acting without authority, and they lacked standing or authority to take any action in the proceeding. It was not until March 18, 1986 that Mrs. Chin was appointed personal representative of her deceased husband's estate. However, she had made no appearance in the case and was not a party before the district court at the time of its April 24, 1986 order. In such order the court found as a fact that Larry Chin had decided not to appeal his convictions and that he committed suicide. Mrs. Chin, as the duly appointed administratrix of her husband's estate, claims that he did intend to appeal and that he did not

commit suicide, but she has not been allowed to present any evidence on this point. These factual issues were decided by the court when there was no proper party before the court representing Larry Chin or his estate. Therefore, the April 24, 1986 order is not binding upon Mrs. Chin as personal representative of her husband's estate, and its findings and conclusions are of no effect and must be set aside.

Before we consider the legal issue of abatement, we should have findings of facts by the district court on the contested issues of whether Chin committed suicide and whether he intended to abandon his right of appeal. These factual issues should be determined only after Mrs. Chin has had the opportunity to appear, present evidence, and be heard by the district court.

The district court orders of April 24, 1986 and of October 27, 1986 are set aside, and the matter is remanded to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.