UNITED STATES of America

v.

DWYER, R. Budd, Appellant.

No. 87–5173.

United States Court of Appeals,
Third Circuit.

Argued Oct. 20, 1987.
Decided Aug. 30, 1988.

Paul J. Killion, Joseph U. Metz (argued), Killion & Metz, Harrisburg, Pa., for appellant.

James J. West, U.S. Atty., David C. Shipman (argued), Asst. U.S. Atty., Harrisburg, Pa., for appellee.

Before HIGGINBOTHAM, SLOVITER and GARTH, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

Although the nominal "appellant" before the Court in this matter is R. Budd Dwyer, in fact the appellants are Dwyer's former criminal defense attorneys, Messrs. Killion and Metz. Dwyer was Treasurer of the Commonwealth of Pennsylvania, when he was convicted by a jury on eleven criminal counts on December 18, 1986. On January 22, 1987, the day before Dwyer was scheduled to be sentenced for these crimes, he committed suicide at a press conference he had called in Harrisburg, Pennsylvania.

On January 27, 1987, five days after Dwyer's death, the attorneys filed a motion in the district court. This motion sought dismissal of all post-trial motions that were then pending, abatement of Dwyer's criminal conviction and dismissal of the indictment against him. Subsequently, on February 24, 1987, Dwyer's counsel also sought disqualification of the district court judge. The district court, in a brief opinion and orders filed March 5, 1987 that subsequently were published, denied these motions and ordered the clerk to "close this file as to R. Budd Dwyer." *United States v. Dwyer*, 654 F.Supp. 1254, 1255 (M.D.Pa. 1987). In particular, the district court, relying on *United States · v. Chin*, 633 F.Supp. 624 (E.D.Va.1986), crafted a suicide exception to the traditional rule that a criminal conviction abates when a defendant dies prior to the completion of his or her direct appeals. *See Dwyer*, 654 F.Supp. at 1255. "Dwyer" then appealed to this Court.

In the time period since this appeal was briefed and argued to this Court, the Court of Appeals for the Fourth Circuit, reversing the *Chin* decision that formed the legal basis of the district court's judgment, has succinctly identified the reason why the underlying action must be dismissed for lack of subject matter jurisdiction. *See generally Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986) (noting the special obligation of a federal appellate court to notice defects in its own subject matter jurisdiction, as well as the jurisdiction of the lower court). As in the *Chin* case, the attorneys here, who represented Dwyer at his criminal trial, lacked legal authority to act as his agents after his death and thus had no standing to move to abate his conviction. *See In re Chin*, 848 F.2d 55 (4th Cir.1988) (*per curiam*) (amended opinion), *rev'g* 633 F.Supp. 624.

Accordingly, the judgment of the district court will be vacated and the matter remanded. On remand, the district court will be instructed to dismiss "Dwyer's" posthumous motions because the Court lacks subject matter jurisdiction.[1]

### SLOVITER, Circuit Judge, concurring.

I concur in the judgment of the court but I would dismiss "Dwyer's" appeal on the ground that Dwyer is no longer subject to the jurisdiction of the court rather than for lack of standing as the majority does.

"Dwyer's" appeal is premised on his contention that a criminal case abates upon the death of the accused at any point short of disposition of his appeal of right. "Dwyer" relies primarily on the Supreme Court decision in *Durham v. United States*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971) (per curiam), where the Court stated that "death pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception." *Id.* at 482–83, 91 S.Ct. at 860. (footnote omitted).

The present status of *Durham* is in doubt, however, because in *Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976), the Court dismissed the petition for certiorari on behalf of a deceased appellant. Notably, the Court did not remand for dismissal of the indictment. It stated "[t]o the extent that *Durham* . . .

---

1. Our disposition of Dwyer's appeal also disposes of the contentions advanced by Dwyer's counsel on appeal, that Dwyer's convictions for mail fraud and conspiracy should be reversed in light of *McNally v. United States*, —— U.S. ——, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987). *See United States v. Asher*, 854 F.2d 1483 (3d Cir.1988) (distinguishing *McNally*, and affirming the conviction of Dwyer's co-defendant).

may be inconsistent with this ruling, *Durham* is overruled." Although *Dove* has been interpreted as overruling *Durham* only as to the proper disposition of a petition for certiorari, *see United States v. Moehlenkamp,* 557 F.2d 126, 127 (7th Cir. 1977), the *Durham* court itself rejected any distinction between certiorari and appeal for purposes of analyzing the effect of the death of a petitioner or of an appellant. The Court stated, "[s]ince death will prevent any review on the merits, ... the distinction between the two would not seem to be important...." *Durham,* 401 U.S. at 483 n. *, 91 S.Ct. at 860 n. *.

The issue of abatement because of the death of a defendant following a conviction is a difficult one, and recent cases in federal and state courts have not followed a uniform rationale or practice. *See United States v. Chin,* 848 F.2d 55 (4th Cir.1988) (disposed of on standing); *United States v. Dudley,* 739 F.2d 175 (4th Cir.1984) (penal sanction but not restitution order abates if defendant dies pending appeal); *United States v. Oberlin,* 718 F.2d 894 (9th Cir. 1983) (abatement notwithstanding suicide); *State v. McDonald,* 138 Wis.2d 366, 405 N.W.2d 771 (Wis.App.1987) (abatement not justified where defendant committed suicide).

After canvassing the case law on this issue, I find myself in agreement with the concurring opinion of Judge Sundby in *State of Wisconsin v. McDonald,* 138 Wis. 2d 366, 405 N.W.2d 771 (Wis.App.1987). Judge Sundby, disagreeing with the majority's decision to uphold the trial court's refusal to abate the information, conviction and sentence on the ground that the defendant had committed suicide, instead would have adopted "a very simple rule covering all deaths pending appeal, i.e., that the appeal is dismissed because the appellant is no longer subject to the jurisdiction of the court." 405 N.W.2d at 774. I agree.

As Judge Sundby explained, many of the decisions holding the criminal action abated on the death of the defendant involved the assessment of a fine, and "[t]he abatement rationale was developed because the courts did not believe it was just to punish the defendant's family for his offense." 405 N.W.2d at 773 (citing *Crooker v. United States,* 325 F.2d 318, 321 (8th Cir.1963)). Whatever the validity of abatement as to a fine, abatement should not be applied to the conviction itself. Once the defendant has died, from whatever cause, there is no longer any valid basis for the judicial system to entertain any further action with respect to the conviction, at least in the absence of any collateral consequences. This case does not present the issue of the effect of death on a fine, because Dwyer committed suicide before he was sentenced. This case is, in a word, moot.