**UNITED STATES of America, Appellee,**

v.

**Edward C. POGUE, III, Appellant.**

**No. 92–3192.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 17, 1994.

Decided April 1, 1994.

Allen E. Burns, Assistant Federal Public Defender, argued the cause for appellant. With him on the briefs was A.J. Kramer, Federal Public Defender.

Elizabeth H. Danello, Assistant United States Attorney, argued the cause for appellee. With her on the brief were J. Ramsey Johnson, United States Attorney at the time the brief was filed and John R. Fisher, Assistant United States Attorney.

Before: EDWARDS, SILBERMAN and RANDOLPH, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Following his criminal conviction and sentence, but before his appeal could be heard by this court, the appellant, Edward C. Pogue, passed away. Appellant's counsel now moves that Pogue's appeal be dismissed as moot and that the case be remanded with instructions to vacate the judgment of conviction and dismiss the superseding information filed against Pogue. Because we find that the "abatement rule" applies, we grant the requests of appellant's counsel.

## I. BACKGROUND

On March 5, 1992, appellant pleaded guilty to the charge of embezzlement of Government property, in violation of 18 U.S.C. § 641. On July 21, 1992, the trial judge sentenced appellant to three years of probation, a special assessment of $50.00 to be paid within 30 days, and restitution of $7,316.18. The restitution payments were to be made in monthly installments during the term of Pogue's probation.

Pogue filed a Notice of Appeal on July 28, 1992. The Notice indicated that the matters on appeal included both the "Judgment of guilty," and the "Sentence[ ]." However, the Docketing Statement accompanying the Notice of Appeal answered "no" to the question "Is appellant challenging the conviction?" and "yes" to the question "Is appellant challenging the sentence?" The Docketing Statement was signed by Pogue's attorney, Edward C. Sussman.

Mr. Pogue passed away on December 7, 1992, before the case was set for hearing and before any briefs were filed. *Subsequently,* on December 18, 1992, Pogue's counsel filed a Motion for Voluntary Dismissal of Appeal. Attached to the Motion was an *undated* Consent form purportedly signed by Pogue. The

Motion failed to indicate that Pogue had died eleven days earlier.[1]

Pogue's counsel later advised the court of his client's death. The court then issued an Order to the parties to show cause why the appeal should not be dismissed as moot, the judgment of conviction vacated, and the case remanded to the District Court with instructions to dismiss the information as moot. Following receipt of responses to the show cause Order, a motions panel of the court referred the case to a merits panel for judgment after oral argument. The court also vacated the appointment of Mr. Sussman as counsel for appellant and ordered that the Federal Public Defender be appointed to handle Mr. Pogue's case.

## II. ANALYSIS

In *Durham v. United States*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971) (per curiam), the Supreme Court adopted the so-called "abatement rule," holding that "[d]eath pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception." *Id.* at 483, 91 S.Ct. at 860 (citation omitted). *See also United States v. Davis*, 953 F.2d 1482, 1486 (10th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 2286, 119 L.Ed.2d 210 (1992); *United States v. Williams*, 874 F.2d 968, 970 (5th Cir.1989); *United States v. Schumann*, 861 F.2d 1234, 1236 (11th Cir.1988); *United States v. Mollica*, 849 F.2d 723, 725–26 (2d Cir.1988); *United States v. Wilcox*, 783 F.2d 44 (6th Cir. 1986); *United States v. Dudley*, 739 F.2d 175, 176–78 (4th Cir.1984); *United States v. Oberlin*, 718 F.2d 894, 895–96 (9th Cir.1983); *United States v. Pauline*, 625 F.2d 684, 685 (5th Cir.1980); *United States v. Littlefield*, 594 F.2d 682, 683 (8th Cir.1979); *United States v. Moehlenkamp*, 557 F.2d 126, 127–28 (7th Cir.1977). *But see United States v. Dwyer*, 855 F.2d 144, 145 (3d Cir.1988) (appeal dismissed because attorneys lacked legal authority to move to abate conviction after appellant's suicide) (per curiam). The principle underlying the abatement rule is that "the interests of justice ordinarily require that [a defendant] not stand convicted without resolution of the merits" of an appeal. *United States v. Moehlenkamp*, 557 F.2d at 128. Each of our sister circuits but one has chosen to adopt the abatement rule, and the Government here concedes that we should adopt that practice as well, although not applied to these facts. Because we can find no basis for denying the rule's application in this case, Pogue's conviction must be vacated.

The Government offers several objections to this result, but we find none to be compelling. First, the Government contends that the order of restitution should not abate because it extends beyond the penal elements of Pogue's conviction. Because the Government has conceded that Pogue's estate has no assets against which any claim for restitution might be advanced, any question concerning the survival of the restitution order raises a moot issue. We offer no opinion on this issue.

Second, the Government asserts that an exception to the abatement rule should be created in a case like this one, in which the appellant has pled guilty. We reject this argument because, at least in the instant case, appellant's guilty plea was beside the point. What is important is that appellant had filed a timely appeal before his death; the appeal was not withdrawn; and, had he lived, appellant could have challenged the plea agreement and underlying conviction, his sentence and/or the terms of restitution. His right to appeal was not foreclosed when he entered a guilty plea. Since the appeal

---

1. Pogue's former counsel, Mr. Sussman, advised the court that he sent a "waiver form" to Mr. Pogue to secure his client's consent to voluntary dismissal. Appendix (App.) 46. According to counsel, the form was sent at about the time when "the appellant was diagnosed as having leukemia," *id.*, *i.e.*, sometime between July 28, 1992 and December 7, 1992. Pogue was "hospitalized for approximately three weeks and then returned home to convalesce. On December 7, 1992, appellant died suddenly as a result of complications from his disease and treatment.... Counsel corresponded with the appellant's father, who located the waiver form that his son had [purportedly] signed prior to his death." *Id.* Counsel then submitted the form along with a motion to dismiss, but with no indication of appellant's death.

Thus, it appears from what counsel says that appellant held onto the consent form for several weeks, never discussing it with his attorney and never indicating any intention to return it.

was still pending at his death, the abatement rule applies.

█ Third, the Government also argues that the abatement rule should not apply in this case because it appears that Pogue intended to challenge only his sentence, and not the underlying conviction. There are several problems with this argument. For one thing, although the Docketing Statement (signed by Pogue's attorney) indicates that only the sentence was in dispute, the Notice of Appeal states that the matters on appeal include both the "Judgment of guilty" and the "sentence[ ]." In addition, under D.C.Cir. Rule 12(d), a docketing statement is based only on "information reasonably available to appellant *at the time of filing*." (emphasis added). The docketing statement is used principally to aid the court in its initial screening of a case; it does not irrevocably define the limits of the scope of an appeal.[2] We are unprepared to tie the applicability of the abatement rule to cursory statements made in a docketing statement.

It might be argued that, in addition to considering a docketing statement, this court (or the trial court on remand) ought to pursue an inquiry into appellant's intentions regarding the scope of appeal. The mere suggestion of this option is enough to refute its viability. Such a task is beyond the usual resources of an appellate court. And, in any event, whether done by this court or the trial court, the fact-finding task would be so difficult and the results of any such inquiry would be so speculative that there is no warrant in creating an exception to abatement rule on these terms.

Finally, the Government claims that Pogue would have withdrawn his appeal had he lived, thus making abatement inappropriate since the rule only applies when a direct appeal is pending. The facts simply do not support this contention. The undated, un-verified and unsubmitted consent form that was found at Pogue's home after his death furnishes no adequate basis for this court to determine that the defendant had knowingly and voluntarily waived and abandoned his right to appeal. Indeed, the record indicates that Pogue held onto the consent form for a number of weeks, never once discussing it with his attorney and never indicating that he intended to return it to counsel to be filed with the court. *See* note 1 *supra.*

The abatement rule applies when a direct appeal is *pending* at the time of appellant's death. This was precisely the situation in this case. We do not know what the appellant may have done had he lived, and we have no authority to speculate on this matter.

### III. CONCLUSION

For the foregoing reasons, we dismiss the appeal and remand with instructions to vacate the judgment and dismiss the information against Pogue.

*So ordered.*

---

**2.** This Court's handbook on procedure states: The docketing statement includes information about the type of case, the district court or agency case number, relevant dates, the order sought to be reviewed, a *non-binding preliminary statement of the issues involved*, related cases, preparation of the transcript, relevant statutes, and counsel's name, address, and telephone number. A copy of the district court judgment under review must be submitted with the docketing statement. This material assists the Clerk's Office and the Office of the Chief Staff Counsel in screening and classifying all new appeals, identifying related cases in this Court, and detecting possible jurisdictional problems. D.C. CIRCUIT HANDBOOK OF PRACTICE AND INTERNAL PROCEDURES, § IV.A3, at 42 (1994) (emphasis added).