

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2001

# USA v. Christopher

Precedential or Non-Precedential:

Docket 98-6504

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"USA v. Christopher" (2001). *2001 Decisions*. Paper 272.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/272

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed November 20, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-6504

UNITED STATES OF AMERICA

v.

ANDREW ANTHONY CHRISTOPHER,
a/k/a TONY CHRISTOPHER,
a/k/a ANDREAS CHRISTOPHEROUS

* Carol Christopher, personal representative of Andrew
Anthony Christopher, deceased,
        Carol Christopher, personal
        representative of Andrew
        Anthony Christopher,
        deceased, Appellant

*[Pursuant to Court's Order date 9/12/01]

APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. 98-cr-00133)
District Judge: The Honorable Alfred J. Lechner, Jr.

Argued July 30, 2001

Before: BECKER, Chief Judge, McKEE and WEIS,
Circuit Judges

(Filed: November 20, 2001)

MARK A. BERMAN, Esquire
  (ARGUED)
Gibbons, Del Deo, Dolan,
 Griffinger & Vecchione
A Professional Corporation
One Riverfront Plaza
Newark, New Jersey 07102

Counsel for Appellant

GEORGE S. LEONE, Esquire
  (ARGUED)
Chief, Appeals Division
Robert J. Cleary, Esquire
United States Attorney
970 Broad Street
Newark, New Jersey 07102-2535

Counsel for Appellee

OPINION OF THE COURT

WEIS, Circuit Judge.

In this appeal, we hold that when a convicted defendant dies after filing an appropriate appeal but before it is adjudicated, the conviction is abated and the indictment will be dismissed. If restitution has been directed, however, that order will not abate and the personal representative of the deceased defendant may prosecute the appeal on that phase of the case.

Defendant Christopher was convicted after a jury trial on counts of mail fraud, false statements to the Social Security Administration, theft of cable services, and trafficking in counterfeit devices. The District Court imposed a sentence of forty-one months incarceration and three years of supervised release. The Court also ordered defendant to pay $17,010 in restitution to the Social Security Administration.

Defendant filed a timely appeal, but died in prison while the appeal was pending. His widow was appointed as decedent's personal representative and was substituted as

2

appellant pursuant to Federal Rule of Appellate Procedure 43(a)(1).1

Appellant contends that the conviction and the order of restitution should be abated because of defendant's death. The government responds that the appeal should be dismissed or, in the alternative, that even if the conviction is abated, the order of restitution should remain in effect absent a showing of invalidity.

Although this Court has not previously addressed the proper disposition of an appeal by a deceased criminal defendant, the matter is not a new one. The issue arises most frequently in the state courts, although it has also been the subject of a number of opinions in the federal system.

The Supreme Court of the United States encountered the issue a number of times in its early history. See, e.g., List v. Pennsylvania, 131 U.S. 396 (1888). Rather than catalog those cases, however, we think it appropriate to begin in more modern times with Durham v. United States , 401 U.S. 481 (1971).

In Durham, the Court of Appeals for the Ninth Circuit had affirmed the defendant's conviction, and the petition for certiorari had been filed before the defendant died. 401 U.S. at 481. The Supreme Court granted the petition for certiorari, vacated the judgment of the Court of Appeals, and remanded the case to the District Court with directions to dismiss the indictment. Id. at 483. The Supreme Court observed that "[i]n federal criminal cases[it had] developed the practice of dismissing the writ of certiorari and remanding the cause to the court below." Id . at 482. Basically, the Court allowed the scope of abatement to be determined by the lower federal courts.

A few years later, the Court dismissed a petition for certiorari in a factually identical situation. See Dove v.

_____

1. The Government argued that this matter was moot and that the deceased defendant's attorney did not have the authority to pursue the appeal. However, following the Court's suggestions, Mrs. Christopher was properly appointed administratrix so that she could proceed with the appeal.

United States, 423 U.S. 325 (1976). The Court explained that "[t]o the extent that Durham . .. may be inconsistent with this ruling, Durham is overruled." Id. at 325; see also Kelly v. Matusiak, 479 U.S. 805 (1986) (petition for certiorari dismissed); Mintzes v. Buchanon, 471 U.S. 154 (1985) (order granting certiorari vacated, petition for certiorari dismissed); Warden, Green Haven State Prison v. Palermo, 431 U.S. 911 (1977) (petition for certiorari dismissed).

In most criminal cases, proceedings in the Supreme Court differ from those in the Courts of Appeals in one fundamental respect: appeals to the Courts of Appeals are of right, but writs of certiorari are granted at the discretion of the Supreme Court. The prevailing practice of the Supreme Court to dismiss petitions for certiorari upon the death of the convicted defendant, therefore, does not readily transfer to the Courts of Appeals.

Faced with circumstances similar to those presented here, the Court of Appeals for the Seventh Circuit, while acknowledging Durham and Dove, concluded that when "death has deprived the accused of his right" to review by a Court of Appeals, "the interests of justice ordinarily require that he not stand convicted without resolution of the merits of his appeal, which is an integral part of [our] system for finally adjudicating [his] guilt or innocence." United States v. Moehlenkamp, 557 F.2d 126, 128 (7th Cir. 1977) (internal quotations omitted). The Court concluded that the appeal was moot, vacated the conviction, and remanded the case to the District Court to dismiss the indictment. Id.

Other courts have reached the same result. See United States v. Wright, 160 F.3d 905, 908 (2d Cir. 1998) (interests of justice require that conviction not stand without resolution of the merits of an appeal); United States v. Zizzo, 120 F.3d 1338, 1346 (7th Cir. 1997) (abating conviction of defendant who died before the Court was able to decide his appeal on the merits and remanding with instructions to vacate conviction and dismiss indictment); United States v. Logal, 106 F.3d 1547, 1552 (11th Cir. 1997) (criminal conviction not final until resolution of defendant's appeal as a matter of right); United States v.

4

Pogue, 19 F.3d 663, 665 (D.C. Cir. 1994) (citing cases holding the same from the Courts of Appeals for the Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Circuits).

Thus, the rule followed almost unanimously by the Courts of Appeals is that a conviction abates on the death of the accused before his appeal has been decided. The one case that has been cited as an exception is United States v. Dwyer, 855 F.2d 144 (3d Cir. 1988), but that view is based on an erroneous reading of that opinion.

In Dwyer, the defendant committed suicide after the entry of the jury's guilty verdict. 855 F.2d at 145. The sentence had not yet been imposed, nor had an appeal been filed when the defendant's attorneys moved to abate the conviction. Id. The District Court denied the motion, and that order was appealed to our Court. Id. We held that the attorneys lacked authority to act for the defendant after his death and, therefore, had no standing to move for abatement. Id. (citing In re Chin, 848 F.2d 55 (4th Cir. 1988) (per curiam)). Moreover, because no judgment of sentence -- and thus no final order -- had been entered, this Court may have lacked appellate jurisdiction.  The concurring opinion, however, would have treated the case as moot. Id. at 145-46 (Sloviter, J., concurring).

Dwyer is, therefore, clearly distinguishable from a situation in which the defendant dies after appealing the entry of a judgment of sentence. That case does not govern disposition of the appeal presently before us.

We can discern no reason for this Court to deviate from the practice adopted by each of the other Courts of Appeals. The rule of abatement is well established, and we adopt it as the law in this Court. Thus, where a convicted criminal defendant dies after filing an appropriate appeal, the conviction will be abated and the case remanded to the District Court with instructions to dismiss the indictment.

Forfeitures and fines are subject to abatement. Dwyer, 855 F.2d at 146 (Sloviter, J., concurring); United States v. Dudley, 739 F.2d 175, 176 (4th Cir. 1984); United States v. Oberlin, 718 F.2d 894, 896 (9th Cir. 1983). But see Zizzo, 120 F.3d at 1346-47 (explaining that the rule of abatement

5

has never been applied to require the return of money paid for fines before the defendant's death).

The proper disposition of a restitution order, however, has divided the Courts of Appeals.

The Court of Appeals for the Eleventh Circuit has reasoned that once a conviction is abated, a restitution order cannot survive. See Logal, 106 F.3d at 1552. "Under the doctrine of abatement ab initio, . . . the defendant stands as if he never had been indicted or convicted. The absence of a conviction precludes imposition of the restitution order . . . ." Id. (internal quotations & citations omitted). Although this reasoning cannot lightly be dismissed, the result it commands represents a minority view.

In United States v. Mmahat, 106 F.3d 89 (5th Cir. 1997), the Court concluded that when the restitution order is designed to make the victim whole, it is compensatory and survives the defendant's death. 106 F.3d at 93. In such circumstances, "only the portion of the proceedings unrelated to the restitution order is abated." Id. Consequently, although the Court abated the portion of the proceeding unrelated to the restitution order, the decedent's heirs were allowed to pursue the appeal because the restitution order survived. Id. The Court of Appeals for the Fourth Circuit has held similarly, excepting a restitution order from abatement, but reviewing the challenges to the conviction. See Dudley, 739 F.2d at 176-178.

Two courts have concluded that the restitution order was moot because the decedent left no assets and any attempt at recovery would be futile. See Wright, 160 F.3d at 909; Pogue, 19 F.3d at 665. Neither court offered an observation on abating the restitution order.

The question whether an order of restitution should abate depends essentially on its categorization as penal or compensatory. A penal provision, such as a fine or forfeiture, abates with the conviction. If viewed as compensatory, a restitution order survives.

The issue may emerge in a variety of circumstances. The Supreme Court has noted that the Bankruptcy Code was

not intended to grant a discharge from criminal fines and penalties and held that, being criminal in nature, a restitution order was not subject to discharge. Kelly v. Robinson, 479 U.S. 36, 46–49 (1986). Although restitution is designed for the benefit of the victim, he has no control over the amount to be awarded, nor whether it will be directed. Id. at 52. We followed Kelly in another bankruptcy discharge case. In re Rashid, 210 F.3d 201 (3d Cir. 2000).

Kelly, however, was not an abatement case. See United States v. Asset, 990 F.2d 208, 213 n.3 (5th Cir. 1993). In another context, the Supreme Court cited the goal of the Victim and Witness Protection Act as compensating victims of crimes. Hughey v. United States, 495 U.S. 411, 420 (1990) (overruled on other grounds).

We have held that the purpose of restitution under the Mandatory Victim Reparation Act is to compensate victims for their losses and to make them whole. United States v. Diaz, 245 F.3d 294, 312 (3d Cir. 2001); see also United States v. Mustafa, 238 F.3d 485, 490 (3d Cir. 2001) (fine is a form of punishment, whereas restitution is merely intended to compensate victims); Gov't of the Virgin Islands v. Davis, 43 F.3d 41, 47 (3d Cir. 1994) (restitution is compensatory rather than punitive); United States v. Kress, 944 F.2d 155, 159 (3d Cir. 1991) (restitution differs from fine or penalty and is intended to compensate victims).

On the other hand, in United States v. Edwards , 162 F.3d 87 (3d Cir. 1998), we concluded that for ex post facto purposes, restitution under the Mandatory Victim Restitution Act is a form of penalty. 162 F.3d at 91–92; see also United States v. Sleight, 808 F.2d 1012, 1020–21 (3d Cir. 1987) (prohibiting prejudgment interest because purpose of restitution under Probation Act is to make victim whole; order is imposed as part of sentencing process and remains inherently a criminal penalty). The application of the ex post facto clause to restitution orders has divided the Courts of Appeals.2  See United States v.

_____

2. Interestingly, the Fifth Circuit, which excepts restitution from abatement, has also held that restitution orders are subject to ex post facto consideration. See United States v. Richards, 204 F.3d 177 (5th Cir. 2000).

7

3. We are aware that 42 U.S.C. S 404(a)(2)B-C may possibly afford relief to the Commissioner of Social Security. See Heins v. Shalala, 22 F.3d 157 (7th Cir. 1994). Because no facts have been presented to us, however, we express no opinion on that possibility. Schulte, 264 F.3d 656, 661–62 (6th Cir. 2001) (collecting cases).

A survey of case law illustrates that restitution is best classified as compensatory, punitive, or a combination of both according to the context in which the issue arises. Our Court has not yet addressed this question in the abatement setting. Furthermore, our opinion in Edwards is not in conflict with our consideration of the abatement effect on restitution orders.

We conclude that the order of restitution in this case is more compensatory in nature than penal. Historically, restitution, an equitable remedy, was intended to reimburse a person wronged by the actions of another. To absolve the estate from refunding the fruits of the wrongdoing would grant an undeserved windfall. We are persuaded that abatement should not apply to the order of restitution in this case, and thus, it survives against the estate of the deceased convict.3

We will, therefore, grant the appellant's motion to abate the conviction, and direct the appellant to file a brief within thirty (30) days of the date of this Order addressing the merits of the restitution order. The Government may also file a responsive brief within (15) days of thereafter.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit