UNITED STATES, Appellee,

v.

Jimmy W. ROETTGER, Private, U.S. Army, Appellant.

No. 46,723.
SPCM 16198.

U.S. Court of Military Appeals.

May 21, 1984.

For Appellant: *Colonel William G. Eckhardt, Major Paul J. Luedtke,* and *Captain Marcus C. McCarty* (on brief).

For Appellee: *Colonel James Kucera, Lieutenant Colonel John T. Edwards,* and *Major Thomas M. Curtis* (on brief).

For Amicus Curiae: *Arthur B. Spitzer, Esq., Eugene R. Fidell, Esq.* and *Charles S. Sims, Esq.,* American Civil Liberties Union Fund of the National Capital Area—on behalf of appellant.

Opinion of the Court

FLETCHER, Judge:

On April 6, 1981, appellant was tried by special court-martial at Bremerhaven, Germany. In accordance with his pleas, he was found guilty of numerous offenses against the Uniform Code of Military Justice.[1] The military judge sentenced appellant to a bad-conduct discharge, 5 months' confinement, forfeiture of $334.00 pay per month for 5 months, and reduction to the pay grade E-1. The convening authority, pursuant to a pretrial agreement, reduced the period of confinement and forfeitures by 1 month, but otherwise approved the adjudged sentence.

The subsequent proceedings in this case are detailed in an opinion written by Senior Judge Clause [hereafter referred to as the opinion of the court] in *United States v. Roettger,* 16 M.J. 536, 537–38 (A.C.M.R. 1983):

---

1. These offenses are detailed in *United States v. Roettger,* 16 M.J. 536, 537 (A.C.M.R. 1983).

On mandatory review before this Court the appellant assigned no errors. A panel of the Court affirmed the findings of guilty and the sentence by decision issued on 27 August 1981. On 8 September 1981, a copy of the Court's decision was mailed to the appellant at the address he had given upon release from confinement. On 15 September 1981, the appellant died of a self-inflicted gunshot wound. There is no evidence as to whether the appellant had received a copy of the Court's decision at the time of his death. No petition to the Court of Military Appeals had been filed at the time of death.

On 25 September 1981, Appellate Defense Counsel filed a motion to hold the proceedings in abeyance to allow counsel time to confirm informal notification of appellant's death on 15 September 1981. The motion was denied as there was nothing to "hold in abeyance," the findings and sentence having been affirmed on 27 August 1981. Subsequently, on 24 November 1981, Appellate Defense Counsel filed a "Motion to Abate Proceedings and Dismiss the Charges Because of Death of Appellant." The basis for the motion is appellant's death "prior to the completion of his mandatory appeal of right under Article 66, Uniform Code of Military Justice." There is no allegation that appellant had not received notice of this Court's decision. On 3 December 1981, Government Appellate Counsel moved for an enlargement of time to oppose the motion to abate and to investigate whether appellant received actual notice of this Court's decision affirming the findings and sentence. On 10 December 1981, Government Appellate Counsel filed its opposition to the requested abatement and filed an affidavit to the effect that the 27 August 1981 decision of this Court had been mailed to the appellant on 8 September 1981 with a return receipt requested; however, a return receipt was never received. Subsequently, this Court ordered that the motion to abate be heard en banc and later specified as an issue whether an en banc hearing on the motion was appropriate in view of the former decision on the merits by a panel of the Court.

An equally-divided Court of Military Review sitting en banc denied the motion to abate the proceedings against appellant on May 13, 1983.

The Acting Judge Advocate General of the Army certified the following question for our review under Article 67(b)(2), UCMJ, 10 U.S.C. § 867(b)(2):

> WHETHER THE ARMY COURT OF MILITARY REVIEW WAS CORRECT IN DENYING APPELLANT'S MOTION TO ABATE PROCEEDINGS *AB INITIO* WHEN APPELLANT DIED SUBSEQUENT TO THE ISSUANCE OF THE DECISION OF THE COURT OF MILITARY REVIEW BUT PRIOR TO FILING A TIMELY PETITION FOR GRANT OF REVIEW WITH THE COURT OF MILITARY APPEALS.

We hold that this action was incorrect as a matter of law and that the motion for abatement should have been granted.

---

The certified question asks whether the Court of Military Review was correct in denying appellant's motion to abate the criminal proceedings against him. At the outset, we note that this motion was denied because the judges of that court sitting en banc were evenly divided on this question. *See* Rule 4(b), Courts of Military Review Rules of Practice and Procedure, 10 M.J. LXXX–LXXXI (3 Feb. 81). Six judges joined Senior Judge Clause in an opinion denying the motion, while five judges joined Senior Judge Fulton in his opinion to grant the motion. Judge Coker dissented separately but he would also have granted the motion to abate. In view of the decision of the majority of this Court in *United States v. Leslie*, 11 M.J. 131 (C.M.A. 1981), and the unpublished order of the panel of the Army Court of Military Review in *United States v. Lange*, SPCM 17247 (May 15, 1983), a justiciable issue is present for our consideration under Article 67(b)(2).

The certified question particularly addresses the lower court's denial of the

abatement motion in terms of time and circumstance. It refers to the fact that appellant died after the Court of Military Review had issued its initial opinion in the case. It also refers to the fact that he died prior to the filing of a timely petition for grant of review with this Court. We note that additional matters in this regard should be considered in resolving the certified question: First, although a copy of the lower court's decision was mailed to appellant, there was no showing on the record that he ever received it.[2] Second, the period for reconsideration of this decision on motion of the Court of Military Review itself or on motion of appellate defense counsel did not expire until 30 days and 10 days respectively after service of the decision on appellant. Rule 20, 10 M.J. at LXXXVI. Finally, the period for appellant's filing a petition for review before this Court had not yet begun to run. Article 67(c).[3]

■ The first question we must address is whether a rule of abatement is applicable to the Courts of Military Review. *See generally* Annot., 83 A.L.R. 2d 864 (1962); 9 A.L.R. 3rd 462 (1966). No provision of the Uniform Code of Military Justice or the Rules of Practice and Procedure for the Courts of Military Review expressly establishes such a rule. *Cf.* Articles 36 and 66(f), UCMJ, 10 U.S.C. § 836 and 866(f), respectively. However, over the years a practice has developed similar to that in other federal courts. *Compare United States v. Oberlin*, 718 F.2d 894 (9th Cir. 1983), and *United States v. Pauline*, 625 F.2d 684 (5th Cir. 1980), *with United States v. Marcott*, 8 M.J. 531 (A.C.M.R. 1979); *United States v. Beck*, 38 C.M.R. 765 (N.B.R. 1968); *United States v. Crawford*, 36 C.M.R. 697, 702 (A.B.R. 1966). We approve the adoption of this practice. *See generally United States v. Kuskie*, 11 M.J. 253 (C.M.A. 1981).

The problem arose in the present case as a result of the disagreement among the judges as to the proper scope of the court's abatement practice. Senior Judge Clause and his concurring brothers held that abatement by the Court of Military Review was proper only while the case was "pending on appeal" before that court. 16 M.J. at 539. Senior Judge Fulton and his concurring brothers held that abatement was proper until his direct appeal of right before that court had been finally concluded. Judge Coker, eschewing either approach, reasoned on the basis of the unique military appellate system that abatement was proper any time prior to the termination of the normal appellate military process. This disagreement was more than a matter of semantics in the present case. Senior Judge Clause also concluded that since appellant died after the Court of Military Review issued its decision, his case was not pending appeal before that court at the time of his death for the purpose of abatement.

The opinion of the court asserts that "appellant's case does not fall within the general rule of abatement or the federal abatement practice." In explanation, it is said:

[t]he rule requiring abatement is generally limited to cases pending on appeal at the time of death and *has not been extended to cases where death occurred within the period for reconsideration or before expiration of the period for filing further appeal of right.*

*Id.* at 539 (emphasis added). Two legal conclusions were derived from the above statements in regard to appellant's case: First, the power of the Court of Military Review to abate criminal proceedings against a deceased appellant extends only to those cases where appellant dies before that court's decision affirming the findings of guilty and the sentence is rendered. Second, without a particular statute which expressly authorizes abatement, it would be

---

2. We note that DA Form 4915–R dated July 15, 1981, an allied paper in this case, states that appellant's excess leave address is 113 North Durham Apt. # 1, Houston, Texas 77008. An affidavit filed by the Legal Administrator, Office of the Command Judge Advocate, states that a copy of the court's decision was mailed to 1133 N. Durham # 1, Houston, Texas 77008.

3. *See United States v. Roettger, supra* at 542 n. 1 (Fulton, Sr.J., concurring and dissenting).

improper for the Court of Military Review to take such action during the period for reconsideration of that decision. We disagree.

No decision from any state or federal court is cited which directly supports this non-extension theory. It is not a simple restatement of the general rule of abatement or of abatement practice in the federal courts but is an interpretation and extrapolation of the same. It is our opinion that this theory is far too narrow. *United States v. Oberlin, supra*; *Bagley v. State*, 122 So.2d 789 (Fla. App. 1960). Furthermore, its application to the situation confronting the Court of Military Review is inappropriate. *United States v. Beck, supra*; *see United States v. Roettger, supra* at 544 (Coker, J., dissenting).

More particularly, the opinion of the court states that the general rule of abatement for an appellate court is "that the death of a criminal defendant while his conviction is pending before a court on appeal will abate" the criminal proceedings from inception. Defining the scope of an appellate court's abatement power in these terms (*cf. United States v. Oberlin, supra*), it asserts that the principal consideration under the general abatement rule is "the fact that the appeal had been decided." *Id.* at 540. In this light, it concludes that a case is not pending appeal for purposes of abatement by the Court of Military Review once that court has issued its opinion affirming the findings of guilty and the sentence.

■ It is the opinion-of-the-court's conclusion concerning the effect of the issuance of a Court of Military Review decision with which we primarily disagree. The Court of Military Review is an intermediate appellate tribunal and its affirmance is not "a conclusive adjudication against defendant of all questions raised or which might have been raised in the appeal." *See State v. Rutledge*, 243 Iowa 201, 50 N.W.2d 801, 803 (1952). Moreover, not a single case, civilian or military, has been cited to this Court, and we have not discovered one, which equates issuance of an intermediate appellate

court's decision with termination of that court's power to abate. Two cases, one civilian and one military, are persuasive authority for a contrary conclusion. *See Bagley v. State* and *United States v. Beck*, both *supra*. Finally, in view of the decisions of this Court in *United States v. Kraffa*, 11 M.J. 453 (C.M.A. 1981), and *United States v. Sparks*, 5 U.S.C.M.A. 453, 457–58, 18 C.M.R. 77, 81–82 (1955), the position of the opinion of the court on the effect of the issuance of a Court of Military Review decision affirming the findings of guilty and the sentence is untenable.

Two cases are cited in the opinion of the court which provide a rationale for the assertion that abatement in appellant's case would be an improper extension of the Court of Military Review's abatement power. Both cited cases concern proceedings before a state supreme court—the court of last resort in each state's direct appeal process for a criminal case. In *City of Newark v. Pulverman*, 12 N.J. 105, 95 A.2d 889 (1953), it was held that under the rules of court, the wife of a deceased defendant was authorized to appeal to the state supreme court a decision of an intermediate appellate court overturning her husband's acquittal by a county court. In *United States v. Rutledge, supra*, it was held that under Iowa law, appellate defense counsel had no authority to petition the state supreme court for a rehearing after that court had issued its decision and appellant subsequently died. These decisions do not establish the impropriety of an appellate court abating a criminal prosecution during the reconsideration period. They only restate the general rule that actions before a court must be filed by a legally authorized person.

The court's opinion broadly construed these cases for the general proposition that an appellate court's power to abate was terminated once that court had issued a decision and appellant died. As indicated above, these decisions do not speak in terms of an impermissible extension of a court's general power to abate, but rather to the standing of a person other than the de-

ceased defendant to initiate an appeal or petition for rehearing. Accordingly, if the appellate court could reconsider its decision on its own motion or at the request of appellate defense counsel, those cases would have little impact on the propriety of the exercise of an appellate court's abatement power during the reconsideration period. *See United States v. Roettger, supra* at 543 (Fulton, Sr.J., concurring and dissenting). In view of the mandatory nature of an appeal before a Court of Military Review (Article 66(b) and (c) ), and the lower court's Rule 20, we perceive no legal impediment to the lower court's exercising its abatement powers in appellant's case.

■ We hold that appellate defense counsel's motion for abatement was incorrectly denied by the United States Army Court of Military Review. It is our opinion that the decision of the Supreme Court in *Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976), pertaining

to a writ of certiorari, is not applicable to a mandatory appeal before a Court of Military Review or during the period that a petition for reconsideration could be filed concerning such an appeal.[4] *See generally United States v. Kuskie, supra. United States v. Beck, supra*, was the correct precedent to be followed in this case.

The certified question is answered in the negative. The record of trial is returned to the Judge Advocate General of the Army for referral to the Court of Military Review for action consistent with this opinion.

Chief Judge EVERETT concurs.

COOK, Senior Judge (concurring in the result):

I concur in the disposition of the issue before us here. However, I adhere to the position set forth in my separate dissenting opinion in *United States v. Kuskie*, 11 M.J. 253, 256 (C.M.A. 1981).

---

**4.** Appellate government counsel asserts that the Court of Military Review relied in part on *Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976), to deny appellate defense counsel's motion to abate. Such an assertion is questionable.