**UNITED STATES, Appellant,**

v.

**Specialist Four Raymond R. LANGE,
U.S. Army, Appellee.**

No. 46,724.
SPCM 17247.

U.S. Court of Military Appeals.

July 2, 1984.

For Appellant: *Colonel James Kucera,
Lieutenant Colonel John T. Edwards, Major Thomas M. Curtis* (on brief).

For Appellee: *Lieutenant Colonel William P. Heaston, Captain Harry L. Williams, Jr., Captain Lawrence R. Hughes, Jr.* (on brief).

Amicus Curiae on behalf of Appellee: *Eugene R. Fidell, Esq.,* and *Arthur B. Spitzer, Esq.* (on brief); *Charles S. Sims, Esq.* (of counsel)—for the American Civil Liberties Union Foundation.

*Opinion of the Court*

PER CURIAM:

The Acting Judge Advocate General of the Army certified the following issue for review in accordance with Article 67(b)(2), Uniform Code of Military Justice, 10 U.S.C. § 867(b)(2):

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED IN SETTING ASIDE AN APPELLANT'S FINDINGS OF GUILTY AND SENTENCE AND THEN DISMISSING THE CHARGES BECAUSE APPELLANT DIED, AFTER THAT COURT HAD AFFIRMED THE FINDINGS AND SENTENCE AND CONSTRUCTIVELY SERVED ON APPELLANT THEIR DECISION BUT SAID DEATH OCCURRED BEFORE APPELLANT'S STATUTORY TIME FOR FILING A PETITION FOR A GRANT OF REVIEW TO THE UNITED STATES COURT OF MILITARY APPEALS HAD RUN.

We note that this case presents an issue similar to one recently addressed in *United States v. Roettger,* 17 M.J. 453 (C.M.A. 1984). One difference between the two cases is that the original decision of the Court of Military Review in this case was rendered on May 13, 1982. A second difference is that a copy of this decision was dispatched by the clerk of the court to appellee at Fort Ord, California, on May 19, 1982.[1]

---

1. The original decision of the Court of Military   Review in *United States v. Roettger,* SPCM

Article 67(c), UCMJ, 10 U.S.C. § 867(c), was amended on November 20, 1981, with an effective date sixty days thereafter. *See* Military Justice Amendments of 1981, Pub.L.No. 97–81, §§ 5 and 7(a), 95 Stat. 1085, 1088–89. Since the decision of the Court of Military Review affirming the findings of guilty and sentence in this case was rendered on May 13, 1982, this amendment applies to appellee's case. § 7(b)(5), Pub.L.No. 97–81, *supra*. It provides that an "accused may petition the Court of Military Appeals for review of a decision of a Court of Military Review within 60 days from the earlier of-

(1) the date on which the accused is notified of the decision of the Court of Military Review; or

(2) the date on which a copy of the decision of the Court of Military Review, after being served on appellate counsel of record for the accused (if any), is deposited in the United States mails for delivery by first class certified mail to the accused....

Since appellee died on June 2, 1982, it is clear that the new 60–day period of time for filing a petition for review with this Court had not yet expired at the time of his death.

Senior Judge Fulton, in his opinion in *United States v. Roettger*, 16 M.J. 536, 542 n. 1 (A.C.M.R. 1983) (Fulton, Sr.J., concurring in part, dissenting in part), pointed out that the rules concerning a petition for reconsideration of a decision of a Court of Military Review had not been changed in view of the above codal amendments. *See* Rule 20, Courts of Military Review Rules of Practice and Procedure, 10 M.J. LXXXVI–LXXXVII (Feb. 3, 1981). In this light, we note that appellee's death on June 2, 1982, was less than 30 days after the Court of Military Review's decision was rendered and after it was dispatched by mail. Accordingly, it is also quite clear that the period for reconsideration of this decision by the lower court on its own motion had not yet expired. *See* Rule 20(a), *supra*.[2]

In view of the above, we hold that the United States Army Court of Military Review did not err in abating the criminal proceedings against appellee from their inception. *United States v. Roettger, supra*. Accordingly, the certified question is answered in the negative.

The decision of the United States Army Court of Military Review dated May 16, 1983, is affirmed.

COOK, Senior Judge (concurring in the result):

I continue to adhere to the position set forth in my dissent in *United States v. Kuskie*, 11 M.J. 253, 256 (C.M.A.1981), which is followed by most of the courts in this country. *See Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976). However, as the question now has been unalterably resolved by *United States v. Roettger*, 17 M.J. 453 (C.M.A.1984), there is little point in continuing to dissent. Consequently, I concur in the disposition of this case. I would like to point out, however, that the almost universal use of excess leave for convicted accused during the appellate process will make the abatement issue far more common in the future. The position taken by my Brothers will result in considerable expense to the United States Government and windfalls to the survivors of deceased accused. I recommend that Congress take this matter under consideration.

16198, unpublished, was rendered on August 27, 1981, and mailed to that appellee on September 8, 1981.

**2.** As noted above, a copy of the original decision of the Court of Military Review was dispatched to appellee at Fort Ord, California, on May 19, 1982. However, he had been transferred to Fort Dix, New Jersey, and placed on excess leave. He died on June 2, 1982, from injuries sustained in an automobile accident before he could be served with a copy of that decision. *See United States v. Lange*, SPCM 17247 (Order granting abatement motion, A.C.M.R., May 16, 1983). We need not comment on whether the period for reconsideration by appellate defense counsel provided in Rule 20(b)(1), Courts of Military Review Rules of Practice and Procedure, 10 M.J. LXXXVI, expired in view of the 1981 amendments to the Uniform Code of Military Justice.