Jerry BERRY, Sergeant U.S. Army, Petitioner,

v.

The JUDGES OF the UNITED STATES ARMY COURT OF MILITARY REVIEW SITTING EN BANC, and The United States of America, Respondents.

No. 92–43/AR.
CMR No. 9101233.

U.S. Court of Military Appeals.

Argued Jan. 6, 1993.

Decided July 9, 1993.

For Petitioner: *Captain Michael E. Smith* (argued); *Colonel Malcolm H. Squires, Jr.* and *Lieutenant Colonel James H. Weise* (on brief).

For Respondents: *Captain Gregory T. Baldwin* (argued); *Colonel Dayton M. Cramer* and *Major Joseph C. Swetnam* (on brief); *Lieutenant Colonel Joseph A. Russelburg* and *Major Timothy W. Lucas.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

The accused (now deceased) was tried by a general court-martial composed of officer and enlisted members on May 1 and 2, 1991, at Garlstedt, Germany. Pursuant to his pleas, he was found guilty of desertion and fourteen specifications of wrongfully making and uttering checks, in violation of Articles 86 and 123a, Uniform Code of Military Justice, 10 USC §§ 886 and 923a, respectively. He was sentenced to a bad-conduct discharge, confinement for 40 months, total forfeitures, a fine of $7000, and reduction to Private E–1. On September 27, 1991, the convening authority ap-

proved the adjudged sentence except for the $7000 fine; in accordance with a pretrial agreement, he suspended for 12 months confinement in excess of 30 months, with provision for automatic remission. The Court of Military Review affirmed on December 31, 1991, without opinion.

The accused was served with a copy of the Court of Military Review decision in his case on March 20, 1992. He was notified that he had 60 days from the date of this service to petition the United States Court of Military Appeals. The accused died on May 13, 1992, without filing such a petition with this Court.[1] Approximately 7 days remained in the above statutory filing period.[2]

Appellate defense counsel on behalf of the accused filed a Motion to Abate the Proceedings with the Court of Military Review on July 16, 1992. The Government opposed the motion on July 23, 1992, and the Court of Military Review denied this motion on July 24, 1992. On July 31, 1992, appellate defense counsel filed a motion for reconsideration with that court. The court denied that motion on August 10, 1992. On August 27, 1992, appellate defense counsel filed a motion for *en banc* reconsideration which was denied by the court on September 10, 1992.

Appellate defense counsel on behalf of the accused (then deceased) filed a petition for extraordinary relief in the nature of a Writ of Mandamus with this Court on September 18, 1992. They sought an order from this Court directing the judges of the Court of Military Review "to abate the appellate proceedings against appellant, reconsider its decision dated 31 December 1991, set aside the findings and sentence, and restore all rights and privileges of petitioner." (Reference omitted.) On October

14, 1992, we directed the Government to show cause why the requested relief should not be granted. On December 3, 1992, we directed oral argument which took place on January 6, 1993.

---

Article 71, UCMJ, 10 USC § 871, states in pertinent part:

\* \* \*

(c)(1) If a sentence extends to death, dismissal, or a dishonorable or bad-conduct discharge and if the right of the accused to appellate review is not waived, and an appeal is not withdrawn, under section 861 of this title (Article 61), that part of the sentence extending to death, dismissal, or a dishonorable or bad-conduct discharge may not be executed until there is a final judgment as to the legality of the proceedings (and with respect to death or dismissal, approval under subsection (a) or (b), as appropriate). *A judgment as to legality of the proceedings is final in such cases when review is completed by a Court of Military Review and—*

*(A) the time for the accused to file a petition for review by the Court of Military Appeals has expired and the accused has not filed a timely petition for such review and the case is not otherwise under review by that Court;*

(B) such a petition is rejected by the Court of Military Appeals; or

(C) review is completed in accordance with the judgment of the Court of Military Appeals and

(i) a petition for a writ of certiorari is not filed within the time limits prescribed by the Supreme Court;

---

1. We note that the accused raised certain issues before the Court of Military Review pursuant to *United States v. Grostefon,* 12 MJ 431 (CMA 1982), and noted "his deteriorating health condition due to AIDS." He died, however, as a result of a "vehicular homicide."

2. A general court-martial order (No. 57) was issued in this case by Headquarters, U.S. Army

Field Artillery Center and Fort Sill, Oklahoma, on June 22, 1992, purporting to order the accused's discharge executed. However, this order is a legal nullity because the decision below is not final under Article 71, Uniform Code of Military Justice, 10 USC § 871. Counsel have represented that this order will be rescinded after this Court rules on the accused's challenge.

(ii) such a petition is rejected by the Supreme Court; or

(iii) review is otherwise completed in accordance with the judgment of the Supreme Court.

(Emphasis added.) *See also* RCM 1209, Manual for Courts–Martial, United States, 1984.

■ The accused died after review of his court-martial was completed by the Court of Military Review but before the time to file a petition in this Court had expired. Thus, his conviction was not final and, under our precedents, abatement of the proceedings against him is appropriate. *See United States v. Kuskie*, 11 MJ 253 (CMA 1981); *see also United States v. Lange*, 18 MJ 162 (CMA 1984); *United States v. Roettger*, 17 MJ 453 (CMA 1984) (and cases cited therein). This practice is generally consistent with the practice in Federal courts of appeals. *See, e.g., United States v. Davis*, 953 F.2d 1482, 1486 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 2286, 119 L.Ed.2d 210 (1992); *United States v. Pauline*, 625 F.2d 684, 685 (5th Cir.1980).

■ The Government notes the discretionary nature of review in this Court and urges us to equate a petition for review here to a petition for certiorari in the Supreme Court. *See generally Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976). We have considered this argument before and rejected it. *See United States v. Kuskie, supra* at 254–55. Again, we recognize the difference in the accused's review posture before this Court (*see* Art. 67(a)(3); Rules 4(a)(3) and 21(a), Rules of Practice and Procedure, United States Court of Military Appeals, requiring "good cause" for review); and in his posture before the Supreme Court (*see* 28 USC §§ 1254(1) and 1259; Supreme Court Rule 10.1 and .2 and 17—requiring "special and important reasons" for review); L. Griffin, *Federal Criminal Appeals* § 8.3(1) at 8–36 (1992). Again, we hold that the practice in the Federal courts of appeals is more analogous. *Id.* § 3.3 at 3–18. *See generally 9 Moore's Federal Practice* § 203.03–04 at 3–14 (2d ed.1992).

■ Whether the Court of Military Review should have granted a petition for reconsideration in this case on this basis need not be decided. *See United States v. Roettger, supra; cf. United States v. Lange, supra.* Moreover, in view of the appellate - defense - counsel - representation form signed by the accused before his death, we hold that his counsel had authority to maintain this action. *See United States v. Chin*, 848 F.2d 55 (4th Cir.1988); *cf. United States v. Dwyer*, 855 F.2d 144, 145 (3d Cir.1988). Finally, we clearly can grant appropriate relief under the All Writs Act—28 USC § 1651(a); *see also United States v. Oberlin*, 718 F.2d 894, 896 (9th Cir.1983). *See generally Noyd v. Bond*, 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969). Accordingly, mandamus need not be ordered in this case to afford the appropriate relief requested.

The petition for extraordinary relief is granted. The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside. The charges are dismissed. All rights, privileges, and property of which the accused has been deprived by virtue of the findings of guilty and the sentence are hereby ordered restored.

Judge COX concurs.

WISS, Judge (concurring):

I agree with the majority that, under the facts here, petitioner's "conviction was not final and" that, accordingly, "abatement of the proceedings against him is appropriate. *See United States v. Kuskie*, 11 MJ 253 (CMA 1981); *see also United States v. Lange*, 18 MJ 162 (CMA 1984); *United States v. Roettger*, 17 MJ 453 (CMA 1984) (and cases cited therein)." 37 MJ at 160. As the majority opinion makes clear, it is neither a new nor an unanswered question whether an accused under these circumstances is entitled to abatement or whether *this* Court has the power to order that disposition.

The more institutionally important question, however, is the one that assertively is raised in petitioner's request for a writ of

mandamus "from this Court *directing the judges of the Army Court of Military Review* 'to abate the appellate proceedings against appellant, reconsider its decision dated 31 December 1991, set aside the findings and sentence, and restore all rights and privileges to petitioner.'" *Id.* at 159 (emphasis added).

Preliminarily, I am prepared to assume that the Court of Military Review is aware of the appropriateness of abatement under petitioner's circumstances, of its abatement power generally, and of its power to abate proceedings within the time prescribed by the court's rules to reconsider its prior decision on its own motion. *See United States v. Lange* and *United States v. Roettger*, both *supra.* Also, I am prepared to assume that the Court of Military Review is aware that, so long as the petitioner *died* during the pendency of his appeal or during the reconsideration period just mentioned, it is not material to the authority of the court to abate that the court did not *learn* of the death or that the petition for abatement was not *filed* until later. *See United States v. Kuskie* and *United States v. Roettger*, both *supra. Cf. United States v. Lange, supra* at 163 n.2 (in light of disposition, "need not comment" on whether Court of Military Review's 10–day rule for reconsideration on motion of appellate defense counsel controlled when accused died after that period had run but before expiration of the statutory time for filing a petition for review in this Court).

Accordingly, I infer two precise legal issues raised by that court's denial of petitioner's motion for abatement: First, whether the Court of Military Review has the authority under its rules to order abatement of proceedings against a petitioner where that petitioner died after the time provided by the court's rules to reconsider a decision on its own motion but prior to filing an appeal in this Court and prior to expiration of the 60–day time period within which such appeal could be filed; and second, if so, whether the circumstances of this case compel a conclusion that the

Court of Military Review abused its discretion in not finding good cause shown for granting the petition for reconsideration in order to abate petitioner's proceedings *ab initio.*

Rule 19(a),* Rules of Practice and Procedure, United States Courts of Military Review, permits the Court of Military Review on its own motion to reconsider a prior decision within 30 days of service of that decision on the accused or his counsel, provided that a petition for grant of review or a certificate for review in the case has not been filed in this Court. 22 MJ CXXXIV. In turn, Rule 25 permits the court, on "good cause shown," to "suspend the requirements or provisions of any of these rules in a particular case on petition of a party or on its own motion and may order proceedings in accordance with its direction." *Id.* at CXXXVIII. This authority to suspend Rule 19(a)'s 30–day limitation on the court's power to reconsider on its own motion is itself limited only by Rule 19(d), which states: "The time limitations prescribed by this rule shall not be extended under authority of ... Rule 25 beyond the expiration of the time for filing a petition for review by the United States Court of Military Appeals ..." *Id.* at CXXXIV.

These rules in conjunction, then, permit the Court of Military Review to reconsider a decision at any time prior to the earlier of either the filing of a petition or certificate for review in this Court or expiration of the time within which an accused could file such petition, which is 60 days. *See* Art. 67(a), Uniform Code of Military Justice, 10 USC § 867(a) (1989). All that is required to activate this power in the court below under its Rule 25 is "good cause shown." Further, as indicated earlier, where the reconsideration is for purposes of abatement due to petitioner's death, *United States v. Kuskie, supra*, instructs that it is the date of death, not the date of the petition for reconsideration, that is critical.

Thus, I would hold that the Court of Military Review had the authority to abate

---

* Formerly Rule 20(a), 10 MJ LXXXVI (1981).

the proceedings in this case on its own motion. That decided, in light of the decisions of this Court cited earlier discussing the appropriateness of abatement under circumstances like petitioner's, I would hold that the Court of Military Review abused its discretion in not finding "good cause shown" to reconsider its prior decision. *See generally* S. Childress & M. Davis, *Federal Standards of Review* §§ 5.12 and 5.13 (1992) (standard for review on appeal from denial of petition to reconsider is abuse of discretion). There is nothing particularly noteworthy about this case, compared to those cited earlier, to distinguish the circumstances in such a way as to defeat the showing of good cause that was made by evidence of petitioner's death.

Accordingly, I would grant the petition for writ of mandamus and order the Court of Military Review to abate these proceedings forthwith. However, I have some sympathy for the notion reflected in the majority opinion that, in the interests of judicial economy and efficiency, this Court should dispose of this matter here and now, so I concur in the disposition ordered. These same concerns, though, are what have led me to file this separate opinion so that petitions such as these in the future will be resolved in the Court of Military Review—where our prior decisions and that court's rules, together, permit them to be resolved.

CRAWFORD, Judge, with whom Judge GIERKE joins (dissenting):

The majority holds that: (A) this Court's decision in *United States v. Kuskie,* 11 MJ 253 (CMA 1981), is controlling in this case; (B) abatement of the proceedings, *ab initio,* is appropriate because the accused's conviction was not final as set forth in Article 71, Uniform Code of Military Justice, 10 USC § 871; and (C) the practice in the United States Courts of Appeals "is more analogous" than a petition for certiorari in the Supreme Court to what this

Court's practice ought to be regarding the issue of abatement *ab initio* of a criminal proceeding on appeal due to the death of an accused. I respectfully disagree on all three points.

A

First, there is a significant factual distinction between this case and *Kuskie.* In *Kuskie,* this Court declined to follow *Dove v. United States,* 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976),* and abated proceedings where a supplemental petition for review was filed with this Court and Kuskie died before any action was taken on the petition. 11 MJ at 254. Here, at the time of his death, the accused had not filed a petition for review with this Court. Thus it appears that the majority would extend the doctrine of abatement *ab initio* to a case based on the mere possibility that this Court might have granted review of a petition that might have been filed.

The review posture of this case is particularly significant when viewed in light of these additional facts: (1) the accused pleaded guilty to the charged offenses at trial; (2) his case was submitted on its merits to the Court of Military Review with assertions pursuant to *United States v. Grostefon,* 12 MJ 431 (CMA 1982); (3) the Court of Military Review affirmed the findings and sentence without opinion; (4) the accused filed no petition for reconsideration with the Court of Military Review; and (5) he was served with a copy of the Court of Military Review decision but died 54 days later, 6 days before expiration of the 60–day period for filing a petition for review by this Court, without any indication from him or his counsel that he intended to file a petition for review.

I believe that procedurally this case is easily distinguishable from *Kuskie* and lends itself to an analysis of the theory of abatement *ab initio* as well as the pros and cons of applying this theory to situations further and further removed from an actual grant of review by this Court.

* In *Dove* the Supreme Court dismissed a "petition for a writ of certiorari where the petitioner died before any action was taken on the petition." 80 ALR Fed 449 (1986).

B

The appellate jurisdiction of this Court is governed by Article 67(a), UCMJ, 10 USC § 867(a)(1989), which provides:

The Court of Military Appeals shall review the record in—

(1) all cases in which the sentence, as affirmed by a Court of Military Review, extends to death;

(2) all cases reviewed by a Court of Military Review which the Judge Advocate General orders sent to the Court of Military Appeals for review; and

(3) all cases reviewed by a Court of Military Review in which, upon petition of the accused and on good cause shown, the Court of Military Appeals has granted a review.

Noticeably absent from this articulation is any mention of a right extending the time for the accused to file a petition for review.

The appellate jurisdiction of this Court is similar to that of the Supreme Court of the United States.

The appellate jurisdiction of the Supreme Court of the United States is subject to the regulation of Congress, which has provided three methods of review. The first is by *appeal,* which is a matter of right where a lower federal court has held a state statute invalid as repugnant to the Constitution, treaties, or law of the United States. Appeal as a matter of right may also be used where the highest court of a state has rendered a decision in which there was drawn in question the validity of a treaty or statute of the United States and the decision was in favor of its validity. The second method of review is by the writ of *certiorari,* which is not a matter of right, but which the Supreme Court can grant in its discretion if it feels that there is an important federal question involved in a case. The third method of review is by *certification* of any question of law by a U.S. Court of Appeals requesting instructions on the legal issues in a particular case.

F. Klein, *Federal and State Court Systems—A Guide* 171 (1977). *See also* U.S. Const., art. III, § 2, and 28 USC §§ 1254, 1257, and 1259.

The principal opinion erroneously relies upon Article 71 for its argument that the accused is entitled to have his case abated *ab initio.* Article 71 sets forth what is required for a judgment to be final "as to legality of the proceedings." Art. 71 (quoted in principal opinion—37 MJ at 159–160). The question whether a judgment is final is of administrative importance with respect to jurisdiction and issuing a mandate in a particular case. *See generally* L. Griffin, *Federal Criminal Appeals* §§ 7.8 and 8.2 at 7–30 and 8–7 (1992) and Rule 43, Rules of Practice and Procedure, United States Court of Military Appeals. However, whether a judgment is final has nothing at all to do with determining whether an appeal is of right or discretionary. If that were so, it would then follow that an appeal to the Supreme Court should also be treated as an appeal of right under Article 71(c) (quoted, 37 MJ at 159–60).

Thus the remaining question is not whether the accused is entitled to have his case abated *ab initio* but, rather, whether this is an additional area in which we desire to grant servicemembers rights beyond those which are afforded to civilians by the Constitution and other federal civilian courts. As we have previously discussed in *United States v. Lopez,* 35 MJ 35, 41 n.2 (CMA 1992):

[S]ervicemembers enjoy numerous rights that are not available to defendants in the state or federal criminal justice system. For example, they are entitled to be notified of the nature of the offense before there can be a valid waiver under Article 31(b), Uniform Code of Military Justice and *Miranda v. Arizona* [384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)]. They also are entitled to counsel at the very early stages of the criminal process and throughout the appellate process, regardless of indigency. Finally, they are generally entitled to verba-

tim records of trial, regardless of indigency.

(Citations omitted.)

If in fact this Court chooses to grant servicemembers a right to abatement *ab initio* beyond that accorded by the Supreme Court or mandated by Article 67, for whatever reason, then we should simply say so.

### C

Finally, the practice of the United States Courts of Appeals is not "more analogous" than that of the Supreme Court of the United States to what this Court's practice ought to be regarding the issue of abatement of a criminal proceeding *ab initio* on appeal due to the death of an accused. The United States Courts of Appeals are courts of first appeal, and appeals to them are of right. 28 USC §§ 1291–1293. Therefore, it is no surprise that the circuits which have considered the question have determined that *Dove* does not apply to them but is limited to discretionary appeals. *United States v. Davis*, 953 F.2d 1482, 1486 (10th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 2286, 119 L.Ed.2d 210 (1992); *United States v. Williams*, 874 F.2d 968, 970 (5th Cir.1989); *United States v. Schumann*, 861 F.2d 1234, 1236 (11th Cir.1988); *United States v. Mollica*, 849 F.2d 723, 725–26 (2d Cir.1988); *United States v. Oberlin*, 718 F.2d 894 (9th Cir.1983); *United States v. Pauline*, 625 F.2d 684 (5th Cir.1980); *United States v. Littlefield*, 594 F.2d 682, 683 (8th Cir.1979); *United States. v. Moehlenkamp*, 557 F.2d 126, 128 (7th Cir.1977); *United States v. Bechtel*, 547 F.2d 1379, 1380 (9th Cir.1977).

By contrast, the reaction to *Dove* by a sampling of state courts, which are similarly positioned to this Court as secondary courts of appeal, is illuminating. In *Jones v. State*, 302 Md. 153, 486 A.2d 184 (1985), an accused sought a writ of certiorari from affirmance of his conviction by the state's intermediate appellate court (the Court of Special Appeals), but died before a decision on the merits of his case was reached in the state's highest court (the Court of Appeals of Maryland). The *Jones* court held:

> Where the deceased criminal defendant has not had the one appeal to which he is statutorily entitled, it may not be fair to let his conviction stand. But, on the other hand, where the right of appeal has been accorded and the Court of Special Appeals has decided that there was no reversible error, no unfairness results in leaving the conviction intact even though an application for further review has not been resolved when the defendant dies. The mere possibility that this Court might have reversed the conviction is not sufficient ground to order dismissal of the entire indictment.

486 A.2d at 187.

Likewise, the Supreme Court of Illinois in *People v. Mazzone*, 74 Ill.2d 44, 23 Ill. Dec. 76, 383 N.E.2d 947 (1978), distinguished between an appeal of right and a second appeal to a higher appellate court. The *Mazzone* court noted that, where the higher court has exercised its discretion and affirmatively granted the second appeal, the situation then becomes "analogous to initial appeals as of right, and the reasons justifying abatement *ab initio* ... apply...." 23 Ill.Dec. at 79, 383 N.E.2d at 950. The Supreme Courts of Indiana and Mississippi have determined dismissal of the appeal, leaving judgments intact, rather than abatement *ab initio,* to be fair both to the State and the defendant after analyzing the reasons justifying abatement *ab initio. Whitehouse v. State,* 266 Ind. 527, 364 N.E.2d 1015 (Ind.1977); *Haines v. Mississippi,* 428 So.2d 590 (Miss.1983). *See also Perry v. State,* 575 A.2d 1154 (Del. 1990); *State v. Griffin,* 121 Ariz. 538, 592 P.2d 372 (1979).

I believe that the more logical approach would be to abate proceedings where this Court has granted review on a discretionary petition thereby rendering the procedural posture of that case analogous to an initial appeal as of right. In any event, we should refrain from departing any further from the ruling of the Supreme Court by abating *ab initio* those cases founded on

the mere, and sometimes remote, possibility that this Court may have granted review of a petition that might have been filed. Certainly this would apply to the procedural posture of the case at bar.