744

UNITED STATES, Appellee,

v.

Specialist Eugene E. JACKSON, 344–70–6201, United States Army, Appellant.

ACMR 9100761.

U.S. Army Court of Military Review.

2 Dec. 1993.

For Appellant: Major Fran W. Walterhouse, JAGC, Captain Roy H. Hewitt, JAGC, Captain Teresa L. Norris, JAGC (on motion).

For Appellee: Major Joseph C. Swetnam, JAGC, Captain Kenneth G. Wilson, JAGC (on motion).

Before WERNER, Senior Judge, and LANE and RUSSELL, Appellate Military Judges.

## OPINION OF THE COURT ON MOTION TO ABATE THE PROCEEDINGS

WERNER, Senior Judge:

This case was previously reviewed pursuant to Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866 (1988) [hereinafter UCMJ]. *United States v. Jackson*, 34 M.J. 1145 (1992) and *United States v. Jackson*, ACMR 9100761 (A.C.M.R. 28 May 1993) (unpub.). Once again it appears before this court as a result of appellate defense counsel's Motion to Abate the Proceedings.

After serving his sentence to confinement, the appellant, on 9 December 1992, requested excess leave pending completion of appellate proceedings. On the leave request form, he listed a certain leave address in Chicago, Illinois. The request was approved and, on 10 December 1992, the appellant departed the United States Disciplinary Barracks at Fort Leavenworth, Kansas. Subsequently, a copy of this court's decision of 28 May 1993 was served on the appellate defense counsel in Falls Church, Virginia. Another copy was mailed to Fort Leavenworth for service on the appellant by prison authorities. On 15 July 1993, military authorities at Fort Leavenworth mailed a copy of the decision via first class certified mail to the leave address the appellant provided to them on his leave form. After two abortive attempts at delivery on 20 and 26 July 1993, the postal service returned the parcel to Fort Leavenworth with the notation "UNCLAIMED" on it.

On 16 August 1993, the appellant advised his appellate defense counsel that he had a new mailing address, also in Chicago. His appellate defense counsel informed military authorities at Fort Leavenworth, who, on 17 August 1993, again sent a copy of this court's decision to the appellant by first class certified mail. Again, the postal service twice unsuccessfully attempted to deliver the parcel before returning it "UNCLAIMED" to Fort Leavenworth on or about 4 September 1993. On 25 September, the appellant died as a result of a gunshot wound. On the date of his death, the appellant had not petitioned the Court

of Military Appeals for review of this court's decision.

The appellate defense counsel contends that we should abate the proceedings because the appellant died before the statutory period for appealing this court's decision to the Court of Military Appeals had expired. The government asserts that the statutory period in question did expire prior to the appellant's death and without a petition for review having been filed. Therefore, the government asserts, this court's decision was final prior to the appellant's death and abatement is not warranted. We agree with the government that abatement is not warranted.

Our decision depends on the answer to the critical question of when the decision of this court was final. That answer lies in the plain language of two articles of the Uniform Code. First, under Article 71(c)(1)(A), UCMJ, 10 U.S.C. § 871(c)(1)(A) where a court-martial sentence extends to death, dismissal or a punitive discharge and, the right to appeal is not waived or the appeal is not withdrawn, the conviction is final when review is completed by a Court of Military Review and, "the time for the accused to file a petition for review by the Court of Military Appeals has expired and the accused has not filed a timely petition for such review and the case is not otherwise under review by that Court."

Second, Article 67(b), UCMJ, 10 U.S.C. § 867 provides that:

[T]he accused may petition the Court of Military Appeals for review of a decision of a Court of Military Review within 60 days from the earlier of—

(1) the date on which the accused is notified of the decision of the Court of Military Review; or

(2) the date on which a copy of the decision of the Court of Military Review, after being served on appellate counsel of record for the accused (if any), is deposited in the United States mails for delivery by first class certified mail to the accused at an address provided by the accused or, if no such address has been provided by the accused, at the latest address listed for the accused in his official service record.

In *Berry v. Judges of the United States Army Court of Military Review,* 37 M.J. 158 (C.M.A.1993), the Court of Military Appeals found that the accused died approximately fifty-three days after having been served with a copy of the Court of Military Review's decision in compliance with Article 67(b)(1). As that date was within the sixty-day statutory period in which he could have filed a petition for review to the Court of Military Appeals, the court held the conviction was not final and ordered abatement. *Id.* at 160.

The case before us is factually distinguishable from *Berry.* Here, the appellant was served with a copy of this court's decision on 15 July 1993, when it was deposited in the United States postal system in the manner required by Article 67(b)(2), that is, by being "deposited in the United States mails for delivery by first class certified mail to the accused at an address provided by [him]." As this permissible method of constructive service under the statute occurred seventy-two days prior to the appellant's death, the period for petitioning the Court of Military Appeals under the statute had expired. Accordingly, his conviction was final before his death and abatement is not warranted.

The Motion to Abate the Proceedings is DENIED.

Judge LANE concurs.

RUSSELL, Judge (concurring):

I concur.

The proper criterion for determining whether abatement by this court is appropriate is whether our decision has become final, so as to deprive our court of jurisdiction on the appeal. For Courts of Military Review, jurisdiction over a motion for abatement ends when the period for discretionary reconsideration of our decision expires. *See United States v. Roettger,* 17 M.J. 453 (C.M.A.1984); *cf. Berry v. Judges of the United States Army Court of Military Review,* 37 M.J. 158, 160 (C.M.A.1993) (Wiss, J., concurring).

Rule 19(d) of the Courts of Military Review Joint Rules of Practice and Procedure limit this court's discretionary authority to reconsider its decisions to the time period for filing a petition for review by the United States Court of Military Appeals. These rules are not always dispositive of this court's jurisdiction. In this case, the rule is coextensive with the statutory limits on appellant's right to petition the Court of Military Appeals under Article 67, UCMJ, and therefore presents an appropriate limit on this court's jurisdiction.

Applying C.M.R.R. 19(d), this court's jurisdiction over appellant's appeal of our decision expired at midnight on 14 September 1993, sixty days from the date of constructive service under Article 67(b), UCMJ, and eleven days prior to appellant's untimely death.[1] Moreover, inasmuch as appellant died after the period for petitioning the Court of Military Appeals had expired abatement of appellant's proceedings by the Court of Military Appeals would also not be appropriate. *See Berry*, 37 M.J. 158. Accordingly, the Motion to Abate should be denied for lack of jurisdiction resulting from judicial finality.

---

1. It is noted that appellant informed the government of a change of address on 16 August 1993, less than sixty days from the date of constructive service. However, the plain language of Article 67, UCMJ, does not provide, nor does justice dictate, that such action should restart the statutory time for the right to petition the Court of Military Appeals. Moreover, to so gratuitously interpret Article 67 as appellate defense counsel would have us do, would frustrate its effectiveness as a rule of judicial finality, without enhancing the quality of appellate justice in this case.