UNITED STATES, Appellee

v.

DeAngelo G. WARD, Private
U.S. Marine Corps

No. 00-0458

Crim. App. No. 99-0511

United States Court of Appeals for the Armed Forces

Submitted September 26, 2000

Decided March 16, 2001

CRAWFORD, C.J., delivered the opinion of the Court, in which GIERKE, EFFRON, and BAKER, JJ., joined.  SULLIVAN, J., filed a dissenting opinion.

Counsel

For Appellant:  Lieutenant M. Eric Eversole, JAGC, USNR.


Military Judge:  P. J. McLain


THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

United States v. Ward, No. 00-0458/MC

ON PETITION FOR RECONSIDERATION OF SUMMARY DISPOSITION

Chief Judge CRAWFORD delivered the opinion of the Court.

Appellant was convicted by a general court-martial on May 27, 1998, of conspiracy to commit robbery, resisting apprehension, wrongful possession of marihuana, and robbery of a fellow Marine, in violation of Articles 81, 95, 112a, and 122, Uniform Code of Military Justice (UCMJ), 10 USC §§ 881, 895, 912a, and 922, respectively.  The military judge sentenced him to a dishonorable discharge, 5 years' confinement, and total forfeitures.  Following affirmance of appellant's convictions and sentence by the Navy-Marine Corps Court of Criminal Appeals, we granted appellant's petition for review on July 10, 2000.[*]

On September 15, 2000, we affirmed the decision of the lower court in light of this Court's decision in United States v. Pritt, 54 MJ 47 (2000).  See 54 MJ 326.  At 1:55 a.m. on September 22, 2000, appellant died in St. Louis, apparently the victim of a homicide.  On September 26, 2000, appellate defense

_____

* The granted issue was:

   WHETHER THE COURT OF CRIMINAL APPEALS ERRED IN FINDING THAT THE
   EFFECTIVE DATE OF THE AMENDMENT TO ARTICLE 95, UCMJ, WAS FEBRUARY 10,
   1996, WHEN THE PRESIDENT'S EXPRESS DIRECTION IN EXECUTIVE ORDER NO.
   13096, WHICH MADE THE OFFENSE OF FLEEING APPREHENSION PUNISHABLE,
   SPECIFICALLY STATES THAT "NOTHING CONTAINED IN THESE AMENDMENTS SHALL
   BE CONSTRUED TO MAKE PUNISHABLE ANY ACT DONE OR OMITTED PRIOR TO JUNE
   26, 1998, WHICH WAS NOT PUNISHABLE WHEN DONE OR OMITTED."

counsel filed a petition for reconsideration and abatement of the proceedings in light of appellant's death.

The issue of how to handle the appeal of a criminal appellant who dies during the pendency of that appeal is not without controversy.  See Dove v. United States, 423 U.S. 325 (1976); Durham v. United States, 401 U.S. 481 (1971); Berry v. Judges of the United States Army Court of Military Review, 37 MJ 158 (CMA 1993); United States v. Kuskie, 11 MJ 253 (CMA 1981).

This is a case of first impression for this Court.  In Kuskie, the appellant died while his petition for review of his conviction was pending before this Court.  In Berry, the appellant died before time had expired for him to file a petition for review before our Court.  Here, appellant sought and was accorded review of his case.  On September 15, 2000, we decided his case.

In Durham, the petitioner died while his petition for certiorari was pending before the Supreme Court.  A majority of the Court adopted the rule that a petitioner's death, while pending direct review of a criminal conviction, abates all proceedings ab initio.  Accordingly, the Court granted the petition for certiorari, vacated the judgement of the Court of Appeals, and directed the District Court to dismiss the indictment.  401 U.S. at 483.  Justice Marshall, with whom the Chief Justice and Justice Stewart joined, opined that the

3

petition should have been dismissed as moot.  Id.  Justice Blackmun dissented, stating that he would dismiss the petition for certiorari, rather than direct the dismissal of the indictment, because "the dismissal of the indictment wipes the slate entirely clean of a federal conviction which was unsuccessfully appealed throughout the entire appeal process to which the petitioner was entitled as of right."  Id. at 484-85. In Dove, the Supreme Court was faced with the same situation as in Durham.  However, this time the Court dismissed the petition for certiorari, left the underlying conviction undisturbed, and expressly overruled that part of Durham which was inconsistent with such a ruling.  423 U.S. at 325.

One primary consideration underlies the rule of abatement: "[T]he interests of justice ordinarily require that [a defendant] not stand convicted without resolution of the merits of an appeal."  United States v. Pogue, 19 F.3d 663, 665 (D.C. Cir. 1994); see United States v. Wright, 160 F.3d 905 (2d Cir. 1998).

In his petition to reconsider and abate the proceedings, appellant's defense counsel has not demonstrated to the satisfaction of this Court how our decision affirming appellant's conviction in light of Pritt overlooks or otherwise fails properly to apply the facts or law critical to the original decision.  See United States v. Quillan, 28 MJ 166 (CMA

4

1989).  The petition for reconsideration seeks abatement <u>ab initio</u> due only to death.

In both <u>Kuskie</u> and <u>Berry</u>, the majority abated the proceedings <u>ab</u> <u>initio</u> on the possibility that the appellant would have been afforded review.  In this case, we know for a fact that review was granted and, after full review, relief was denied.  Accordingly, the interests of justice have been met through the resolution of appellant's appeal by the highest court, and first civilian court, in the military justice system.

The petition for reconsideration and abatement of the proceedings filed on appellant's behalf is denied.

5

United States v. Ward, 00-0458/MC

SULLIVAN, Judge (dissenting):

I disagree with this Court's decision not to grant an abatement of appellant's case, and accordingly, I respectfully dissent.

To justify denying the petition for reconsideration and abatement, the majority attempts to distinguish the facts of the case at bar from the facts of United States v. Kuskie, 11 MJ 253 (CMA 1981), and Berry v. Judges of the United States Army Court of Military Review, 37 MJ 158 (CMA 1993)—two cases in which our Court granted abatements to appellants who died pending appellate review.[1]  The majority writes:

> In Kuskie, the appellant died while his petition for review of his conviction was pending before this Court.  In Berry, the appellant died before time had expired for him to file a petition for review before our Court. . . .  In both Kuskie and Berry, the majority abated the proceedings ab initio on the possibility that the

---

[1]  The Federal Courts of Appeals have developed the general rule that when a defendant dies prior to a determination of his appeal as of right of a conviction in the District Court, the prosecution is abated from its inception.  See John H. Derrick, Annotation, Abatement Effects of Accused's Death Before Appellate Review of Federal Criminal Conviction, 80 A.L.R. Fed. 446 (1986); see also United States v. Wright, 160 F.3d 905, 908 (2d Cir. 1998); United States v. Dudley, 739 F.2d 175, 177 (4th Cir. 1984); United States v. Pauline, 625 F.2d 684 (5th Cir. 1980); United States v. Toney, 527 F.2d 716, 720 (6th Cir. 1975); United States v. Moehlenkamp, 557 F.2d 126, 127 (7th Cir. 1977); United States v. Littlefield, 594 F.2d 682, 683 (8th Cir. 1979); United States v. Oberlin, 718 F.2d 894, 895 (9th Cir. 1983); United States v. Pogue, 19 F.3d 663, 665 (D.C. Cir. 1994).

> appellant would have been afforded review.
> In this case, we know for a fact that
> review was granted and, after full review,
> relief was denied.

___ MJ at (3, 5).  Its reasoning overlooks the law that

appellant's appeal of right did not terminate until the time had

expired to petition for reconsideration.


The majority's holding today ignores the military appellant's

right to petition for reconsideration and, thus, conflicts with

the finality principles adhered to by other Federal Courts of

Appeals.  See United States v. One Parcel of Real Estate, 214

F.3d 1291, 1294 (11th Cir. 2000) ("The purpose of the abatement

rule is to protect the deceased defendant from being branded a

felon without his conviction having become final.").  This Court

has recognized that military appellate practice before this Court

is "generally consistent with the practice in Federal courts of

appeals."  Berry, 37 MJ at 160 (Sullivan, C.J., writing for the

Court).  Then—Judge Crawford extended this analogy further.  Id.

at 164 (Crawford, J., dissenting)(emphasis added).  Specifically,

she wrote:


> The United States Courts of Appeals are
> courts of first appeal, and appeals to
> them are of right.  28 USC §§ 1291-1293.

\*   \*   \*

> I believe that the more logical approach
> would be to abate proceedings where this
> Court has granted review on a
> discretionary petition thereby rendering
> the procedural posture of that case
> analogous to an initial appeal of right.

"Present federal law has made an appeal from a District Court's judgment of conviction in a criminal case what is, in effect, a matter of right." Coppedge v. United States, 369 U.S. 438, 441 (1962). When an appellant has exercised this appeal of right but does not petition the U.S. Supreme Court for a grant of certiorari, a decision by a U.S. Court of Appeals is not final until time has expired to file a motion for a rehearing or the motion for rehearing is denied. See, e.g., Gendron v. United States, 154 F.3d 672, 674 (7th Cir. 1998); United States v. Torres, 211 F.3d 836 (4th Cir. 2000). "A case is not necessarily finished once a decision is rendered and an opinion issued. One last chance for relief in the courts of appeals is by way of a petition for rehearing . . . ." Lissa Griffin, Federal Criminal Appeals § 7.5 at 7-10 (2000). Fed. R. App. P. 40(a) provides that, generally, an appellant has 14 days after entry of judgment in the U.S. Courts of Appeals to petition for a rehearing. Rule 41(b) requires a court's mandate to issue within 7 days after an appellant's time to file a petition for rehearing has expired; otherwise, a timely filed motion will stay the issuance of the mandate under Rule 41(d)(1). Issuance of the mandate constitutes

finality in the Federal Courts of Appeals, as the mandate will remove jurisdiction from the appellate court. Griffin, supra, § 7.5(3) at 7-18. Otherwise, "[w]hen a petition for rehearing is granted, the mandate is normally stayed until the case is finally decided." Id., § 7.5(6) at 7-20 (emphasis added).

Our decision should not be considered final until the time for filing a petition for reconsideration has expired or the petition for reconsideration has been denied. Rule 31(a) of our Court's Rules of Practice and Procedure states, "A petition for reconsideration may be filed no later than 10 days after the date of any order, decision, or opinion by the Court." Our Rule 31 is directly analogous to Fed. R. App. P. 40(a). The rationale for both rules is the same - to allow the Federal Courts of Appeals to determine an appellant's guilt or innocence with as much precision as possible before the judgment is carried out. See, e.g., Oberlin, 718 F.2d at 895. In the instant case, appellant's death prevented such a final determination of his guilt or innocence by this Court. To treat appellant's conviction as final (as the majority now suggests) circumvents our own rules and constitutes a departure from the rule followed by our fellow Federal Courts of Appeals in analogous situations. Accordingly, I dissent from this making of new law.