SULLIVAN, Judge
(dissenting):
I disagree with this Court’s decision not to grant an abatement of appellant’s case, and accordingly, I respectfully dissent.
To justify denying the petition for reconsideration and abatement, the majority attempts to distinguish the facts of the case at bar from the facts of United States v. Kuskie, 11 MJ 253 (CMA 1981), and Berry v. Judges of the United States Army Court of Military Review, 37 MJ 158 (CMA 1993)— two cases in which our Court granted abate *392 ments to appellants who died pending appellate review.[1] The majority writes:
In Kuskie, the appellant died while his petition for review of his conviction was pending before this Court. In Berry, the appellant died before time had expired for him to file a petition for review before our Court---- In both Kuskie and Berry, the majority abated the proceedings ab initio on the possibility that the appellant would have been afforded review. In this ease, we know for a fact that review was granted and, after full review, relief was denied.
54 MJ at 391. Its reasoning overlooks the law that appellant’s appeal of right did not terminate until the time had expired to petition for reconsideration.
The majority’s holding today ignores the military appellant’s right to petition for reconsideration and, thus, conflicts with the finality principles adhered to by other Federal Courts of Appeals. See United States v. One Parcel of Real Estate, 214 F.3d 1291, 1294 (11th Cir.2000) (“The purpose of the abatement rule is to protect the deceased defendant from being branded a felon without his conviction having become final.”). This Court has recognized that military appellate practice before this Court is “generally consistent with the practice in Federal courts of appeals.” Berry, 37 MJ at 160 (Sullivan, C.J., writing for the Court). Then-Judge Crawford extended this analogy further. Id. at 164 (Crawford, J., dissenting)(emphasis added). Specifically, she wrote:
The United States Courts of Appeals are courts of first appeal, and appeals to them are of right. 28 USC §§ 1291-1293.
$ ^ ^
I believe that the more logical approach would be to abate proceedings where this Court has granted review on a discretionary petition thereby rendering the procedural posture of that case analogous to an initial appeal of right.
“Present federal law has made an appeal from a District Court’s judgment of conviction in a criminal case what is, in effect, a matter of right.” Coppedge v. United States, 369 U.S. 438, 441, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). When an appellant has exercised this appeal of right but does not petition the U.S. Supreme Court for a grant of certiorari, a decision by a U.S. Court of Appeals is not final until time has expired to file a motion for a rehearing or the motion for rehearing is denied. See, e.g., Gendron v. United States, 154 F.3d 672, 674 (7th Cir.1998); United States v. Torres, 211 F.3d 836 (4th Cir.2000). “A case is not necessarily finished once a decision is rendered and an opinion issued. One last chance for relief in the courts of appeals is by way of a petition for rehearing____” Lissa Griffin, Federal Criminal Appeals § 7.5 at 7-10 (2000). Fed. R.App. P. 40(a) provides that, generally, an appellant has 14 days after entry of judgment in the U.S. Courts of Appeals to petition for a rehearing. Rule 41(b) requires a court’s mandate to issue within 7 days after an appellant’s time to file a petition for rehearing has expired; otherwise, a timely filed motion will stay the issuance of the mandate under Rule 41(d)(1). Issuance of the mandate constitutes finality in the Federal Courts of Appeals, as the mandate %vill remove jurisdiction from, the appellate court. Griffin, supra, § 7.5(3) at 7-18. Otherwise, “[wjhen a petition for rehearing is granted, the mandate is normally stayed until the case is finally decided.” Id., § 7.5(6) at 7-20 (emphasis added).
Our decision should not be considered final until the time for filing a petition for reconsideration has expired or the petition for *393 reconsideration has been denied. Rule 31(a) of our Court’s Rules of Practice and Procedure states, “A petition for reconsideration may be filed no later than 10 days after the date of any order, decision, or opinion by the Court.” Our Rule 31 is directly analogous to Fed. R.App. P. 40(a). The rationale for both rules is the same — to allow the Federal Courts of Appeals to determine an appellant’s guilt or innocence with as much precision as possible before the judgment is carried out. See, e.g., Oberlin, 718 F.2d at 895. In the instant case, appellant’s death prevented such a final determination of his guilt or innocence by this Court. To treat appellant’s conviction as final (as the majority now suggests) circumvents our own rules and constitutes a departure from the rule followed by our fellow Federal Courts of Appeals in analogous situations. Accordingly, I dissent from this making of new law.

. The Federal Courts of Appeals have developed the general rule that when a defendant dies prior to a determination of his appeal as of right of a conviction in the District Court, the prosecution is abated from its inception. See John H. Derrick, Annotation, Abatement Effects of Accused’s Death Before Appellate Review of Federal Criminal Conviction, 80 A.L.R. Fed. 446 (1986); see also United States v. Wright, 160 F.3d 905, 908 (2d Cir.1998); United States v. Dudley, 739 F.2d 175, 177 (4th Cir.1984); United States v. Pauline, 625 F.2d 684 (5th Cir.1980); United States v. Toney, 527 F.2d 716, 720 (6th Cir.1975); United States v. Moehlenkamp, 557 F.2d 126, 127 (7th Cir.1977); United States v. Littlefield, 594 F.2d 682, 683 (8th Cir.1979); United States v. Oberlin, 718 F.2d 894, 895 (9th Cir.1983); United States v. Pogue, 19 F.3d 663, 665 (D.C.Cir.1994).